June Term,<br>
1860.<br>
<br>
YATES<br>
v.<br>
CITY OF MIL-<br>
WAUKEE.

---

YATES VS. THE CITY OF MILWAUKEE.

| 12 | 673 |
|----|-----|
| 114 | ¹547 |

The charter of the city of Milwaukee gives the common council power to regulate the place and manner of selling hay within the city, and an ordinance forbidding, under a penalty of not less than five, nor more than ten dollars, the exposing of any load of hay for sale, in certain wards of the city, without first having such load weighed by the attendant of some established and sealed city hay scale, and obtaining from him a certificate of the weight (for which said attendant was allowed to charge twelve cents), to be exhibited to the purchaser of the hay, before receiving payment therefor, is not unreasonable, oppressive, or repugnant to the constitution and laws of the state.

The fact that the city appointed a person to be weigher of hay and inspector of wood in said wards, on condition that he would pay to those wards $500 per annum, is no defense to an action for a violation of said ordinance.

APPEAL from the Municipal Court for *Milwaukee* County. The case is stated in the opinion of the court.

*Small & Cogswell*, for appellant, contended that the ordinance in question was void, as being unreasonable, and in restraint of trade. 1 Bacon's Abr., "By-Law," p. 545, and cases cited; Com. Dig., "By-Law," C. 6; 2 Kyd on Corp., p. 107; *Parry vs. Berry*, Comyns, 269; *Dunham vs. Trustees of Rochester*, 5 Cow., 462; Willcock on Mun. Corp., 145, and cases cited; *Kennebec & Portland R. R. vs. Kendall*, 31 Me., 470; Ang. & Ames on Corp., 198; *Com. vs. Worcester*, 3 Pick., 462; *Norris vs. Staps*, 1 Hob., 210; *Chamberlain of London's Case*, 5 Coke, 62. 2. That if a municipal corporation, in framing a by-law, exceed in any respect its statutory power, the by-law is void (*Kirk vs. Nowill*, 1 Term R., 118; *Goszler vs. Corp. of Georgetown*, 6 Wheat., 597; *Mayor, &c., of N. Y. vs. Ordrenan*, 12 John., 122; *Rochester vs. Collins*, 12 Barb., 559; *Dunham vs. Trustees of Rochester, supra*); and that the common council, under the city charter, had no authority to require the fee provided for in said ordinances. 3. That the resolution providing for Huegin's appointment as city inspector, created a monopoly (1 Kyd on Corp., 36, 312), and was therefore void (*Davenant vs. Hurdis*, Moore, 576; Willcock on Mun. Corp., § 390; Rolle's Abr., 364; Bacon's Abr. "By-Law"); that it was in the nature of a sale of an office, and therefore void (2 Black. Comm., 37; 3 Kent's Comm., 456; *Parsons vs. Thompson*, 1 H. Bl., 322; *Town of Meredith vs. Ladd*, 2 N. H., 517; 1 Story's Eq. Jur., § 295; *Becker vs. Ten Eyck*, 6 Paige, 68; R. S., chap. 169, sec. 54); or was a grant of a franchise which the corporation had no right to grant (*People vs. Trustees of Geneva Col.*, 5 Wend., 217; 3 Kent's Comm., 568; *State of N. Y. vs. Mayor, &c.*, 3 Duer, 119; *Milhau vs. Sharp*, 17 Barb., 435); and that if the resolution and agreement constitute a contract, it was such a one as the corporation could not make, because it would thereby deprive itself of the power to remove Huegin for improper conduct in office. *Presb. Church vs. Mayor*, 6 Cow., 538; and cases above cited from 6 Wheaton, 17 Barbour, and 3 Duer.

*Joshua La Due*, for respondent, contended that the ordinance was not unreasonable nor in restraint of trade, and was valid (Priv. Laws, 1852, chap. 56, secs. 3 and 20; *Stokes &*

*Gilbert vs. City of N. Y.*, 14 Wend., 87–89; *Taylor vs. Griswold*, 2 Green, 103; *Vanderbilt vs. Adams, Treas.*, 7 Cow., 349; *Bush vs. Seabury*, 8 John., 419; *Vandine's Case*, 6 Pick., 187), and that the validity of the contract between the city and Huegin was immaterial to the question whether Yates had violated the ordinance and incurred its penalty.

*By the Court*, COLE, J. This action was commenced by the city of Milwaukee, in the municipal court of that city, to recover a penalty for the violation of a city ordinance, prescribing the manner and place of weighing and selling hay within the city limits. The appellant admitted that he sold the hay within the limits of the 7th ward of the city, and that he refused to have it weighed upon the city hay-scales proper, and pay the fee imposed by the ordinance for weighing the same. It appears that he had previously had the hay weighed upon the hay-scales of Elmore & Brothers, within the limits of the city, whose clerk certified to the weight of the same upon a card, which the appellant had in his possession at the time of the exposure and sale of the hay. The city ordinance was admitted in evidence without objection; indeed, the record does not show that the appellant took any exceptions upon the trial to any of the rulings of the court.

The city ordinance provided, in substance, that no person should be allowed to expose for sale any load of hay, in the first and seventh wards of the city, without having such hay weighed as therein provided: that before offering any load of hay for sale within these limits, such hay should be duly weighed, and a written certificate of the weight thereof obtained from the attendant of some established and sealed city hay scale within the city limits; and that the owner of such hay should exhibit his ticket to the purchaser before being entitled to receive any pay therefor. The attendant of the hay scale was entitled to receive the sum of twelve cents for weighing each load of hay, &c. The penalty imposed for violating the ordinance was not less than five, nor more than ten dollars, with costs of prosecution.

There can be no doubt that the common council had am-

ple authority to pass an ordinance regulating the place and manner of selling hay within the city. This power is expressly conferred upon them, *totidem verbis*, by the charter (subd. 20, sec. 3, chap. 4, Charter of the City of Milwaukee, p. 69, Laws 1852, chap. 56). Neither do we see any thing which would authorize us in declaring the ordinance unreasonable or oppressive, or repugnant to the constitution and the laws of the state. It is not an ordinance in restraint of trade, but a most salutary regulation of it, and designed to prevent fraud and imposition upon the citizens.

*Stokes & Gilbert vs. The Corporation of the City of New York,* 14 Wend, 87, is a case precisely in point. In that case the court held that an ordinance of the corporation of the city of New York, requiring anthracite, or hard coal, to be weighed by weighers appointed by the corporation, was a valid bylaw, reasonable, and not in restraint of trade; and sustained an action for a penalty arising from a violation of it. (See *Vanderbilt vs. Adams, &c.,* 7 Cowen's R., 349; *Bush vs. Seabury,* 8 John., 418; *Vandine, Petitioner,* &c., 6 Pick., 187; *Commonwealth vs. Worcester,* 3 id., 462; A. & A. on Corp., sec. 336, and notes). "Every regulation of trade is in some sense a restraint upon it; it is some clog or impediment, but it does not therefore follow that it is to be vacated." 6 Pick., 190. The regulation in this case was wise and proper, and well calculated to prevent fraud. And we do not think that the charge for weighing a load of hay, and giving a certificate of the weight, was exorbitant. It was but twelve cents—a trifle, when we take into account the cost and expense of procuring and keeping up such scales.

On the trial in the court below, the appellant offered in evidence certain resolutions of the common council relating to the appointment of one Peter Huegin, weigher, &c., and a contract between him and the city. We think this evidence was irrelevant, but still we see nothing in it which can aid the appellant. Huegin, it appears, was appointed inspector of wood and weigher of hay in the district composed of the first and seventh wards of the city, on condition of paying to those wards, for their exclusive benefit, five hundred dollars per annum. The scales were treated as the

property of those wards. Several objections are taken to these resolutions and to this agreement, but we think they are all untenable. It is contended that they created a monopoly and a sale of a public office. But how this result can be said to follow from these resolutions and this contract, we fail to understand. The price for weighing a load of hay was fixed by an ordinance of the city. Was it unreasonable or exorbitant? We think not. What matter whether the city gave the weigher all the fees for attending upon the scales, or whether the weigher was willing to attend upon them, take pay for his labor out of the proceeds, and pay the remainder into the city treasury, or in lieu thereof, give a gross sum? We certainly can see no difference, so far as the person having hay to be weighed, is concerned. The arrangement might have been a very wise and proper one for aught that appears upon this record.

The ordinance being valid and reasonable, we cannot see why a recovery should not be had for a violation of it.

The judgment of the court below must, therefore, be affirmed, with costs.