## LE CLAIRE V. THE CITY OF DAVENPORT.

1. PUBLIC MARKET. The Council of the City of Davenport has power to authorize an individual to erect a building upon private property, and to lease or rent the rooms or stalls therein for a market; to declare such building a public market-place, and to dictate the mode and manner of conducting the markets therein; to exact rates of rent that shall not operate as a restraint upon the trade of the city; and to protect the owner in the exclusive privilege of such market; overruling *The City of Davenport* v. *Stelley*, 7 Iowa, 102.

2. SAME; RULE OF CONSTRUCTION. The courts will not construe an ordinance making such a grant as void upon the grounds of public policy unless such construction is clearly deducible from its language.

Le Claire v. The City of Davenport.

*Appeal from Scott District Court.*

TUESDAY, APRIL 22.

THE petition in this case alleges that on the 18th of October, 1854, the council of the city of Davenport passed an ordinance granting to plaintiff, for a consideration named, and for the convenience and benefit of said city, the right to erect and put in operation a Market House, on a certain parcel of real estate therein described; that by said ordinance plaintiff was given the right to rent, lease and hire the stalls, rooms, &c., in said building, to be used for the purpose of selling meats, vegetables, &c., as is customary in market places; that the city further covenanted to protect plaintiff in the exclusive privilege of said market, that no other market houses, (except as therein stated,) should be established in said city; and that such ordinances should be passed as would protect plaintiff from competition. It is also averred that the city undertook to regulate the hours of marketing, dictate the mode and manner of conducting the same, appoint proper officers to preserve order, to see that the ordinances in relation to markets were complied with; would authorize plaintiff to rent his stalls, &c., conformably thereto, and would compel a compliance with all such ordinances in relation to markets and market houses, — the privilege to continue for ten years.

Petitioner shows a compliance with the terms of said ordinance on his part, the erection of the house, at a cost of $10,000, and his readiness to comply with any ordinance the city might pass in relation to markets; but he charges that the city has totally neglected to pass the necessary ordinances to make his privilege exclusive, and protect him from competition, whereby he has been deprived of the benefits which would otherwise have arisen from the rents and profits of said market house, to his damage, &c.

A demurrer to this petition was sustained, upon the ground that the city had no power to pass the ordinance, or enter into the contract relied upon by plaintiff.

*Grant & Smith* for the appellant.

*James T. Lane,* city attorney, for the appellee.

WRIGHT, J. — The ruling in the court below was based alone upon the case of *The City of Davenport* v. *Stelley,* 7 Iowa, 102. That was decided by a divided court, the majority holding that the city could not delegate to individuals the right to erect market houses and charge rent for the use of the stalls therein, reserving to itself no power to control the same; that the fact that the city gave the lessee absolute control over the rents of the building rendered the same a private, as contradistinguished from a public market, and that the defendant, who was charged with selling fresh meats at a place other than said market place could not be made liable for a violation of this void ordinance. The minority opinion, on the contrary, holds that it was competent for the city to authorize an individual to erect such house, which might be adopted and declared by the proper authorities to be a public market; that the object of the ordinance was to regulate the markets and trade; that this was competent, and that, in no event, could the ordinance be objected to, as operating to restrain trade until the rates fixed by the lessee for the rent of the stalls and rooms were so exorbitant as to have that effect.

Our conclusion is, that the minority opinion contains the better exposition of the ordinance, and that the city could confer the power therein specified. We are not prepared, by any means, to hold that the lessee has the power under this ordinance to fix the rents to be charged for the use of the stalls therein by the occupants, without any control on the part of the city authorities. On the contrary, if said

lessee should establish or exact such rates as to operate as a restraint upon the trade of the city, then it is in the power of the city to interpose, and pass the necessary ordinance for the protection of the public. By the ordinance, the right conferred is "for the convenience and benefit of the city." The city is to "regulate the hours of marketing," "dictate the mode and manner of conducting the same," "see that the ordinances in relation to markets are complied with;" and is compelled to "authorize the lessee to rent the stalls, rooms and conveniences of his building conformably thereto."

But aside from this view, it seems to us that the possibility that the lessees might exact such prices for the use of the stalls as to restrain trade, ought not to invalidate the ordinance. Any ordinance, contract or law, will be so construed, if possible, or consistent with legal rules, as to give it force and effect. It will not be presumed that any one has or will violate his obligation, or a law, state or municipal. Nor that he will so conduct his affairs as to conflict with those rules which experience has demonstrated are essential for the public welfare. Nor again will a court be justified in concluding that the parties have made an agreement which is void upon the grounds of public policy, unless such a construction is clearly and fully deducible from the language of the instrument. If a construction can be found which will uphold and carry it out, this should be adopted, and the parties thus given the full benefit of their contract. And as in this case, we are not prepared to adopt the conclusion that the city has, by the ordinance in question, clearly surrendered all control over the rents to be charged; nor the further one that the lessees could adopt such rates as to restrain trade, and thus injuriously affect the public interest, we believe it our duty to declare it valid.

It is the duty of the city, by the ordinance, to declare this house a public market, and to pass such ordinances as shall give it this character, and also to protect the lessee in its use—he receiving the revenue to be derived therefrom —subject to such ordinances as may, from time to time, be adopted. The revenue cannot be taken from him, but the rent to be charged for the use of the stalls, &c., as well as the general management of the market, is subject to the control of the city.

Entertaining these views, we conclude that the demurrer was improperly sustained.

Reversed.