DAVIS ET AL. v. THE TOWN OF ANITA ET AL.

1. **Cities and Towns:** POWER TO ESTABLISH AND COMPEL USE OF PUBLIC SCALES: REASONABLENESS OF ORDINANCE. Under § 456 of the Code, cities and towns have the power to establish by ordinance public scales, and to require persons selling certain commodities in heavy quantities to have them weighed on such scales, and *held* that such an ordinance was not valid for unreasonableness, when passed by the trustees of a *town of six hundred inhabitants,* because it established and required the use of but one set of scales.

*Appeal from Cass District Court*—HON. C. F. LOOFBOU-ROW, Judge.

TUESDAY, DECEMBER 6.

ACTION to enjoin the defendants from enforcing an ordinance of the incorporated town of Anita. A temporary injunction was granted, and the defendants appeal.

*James Bruce* and *Willard & Fletcher*, for appellants.

*John W. Scott*, for appellee.

SEEVERS, J.—The incorporated town of Anita enacted an ordinance declaring certain scales in said town to be " city scales," and providing for the appointment of a suitable per-

son as weigh-master, whose term of office and compensation should be such as might be provided by a resolution of the town council; and further providing that it should be "unlawful for any person' *   *   * to sell within the town of Anita any grain, hay, coal, cattle, hogs, sheep, or other commodity sold by weight, when the quantity of ·the article exceeds one thousand pounds, without procuring a draft of such article or commodity to be made upon the city scales.   *   *   *" And "any person found guilty of the violation of this ordinance shall, for the first offense, be fined in any sum not less than one dollar, and not more than ten dollars." The court granted an injunction restraining the defendants from enforcing this ordinance.

I. It is contended by the appellees that the town did not have the power to pass the ordinance. It is provided by statute that cities and towns have the power "to establish and regulate markets; to provide for the measuring or weighing of hay, coal, or any other article for sale." (Code, § 456.) This statute expressly confers on cities and towns the power to provide for the measuring or weighing of hay, coal, or any other article. The manner in which the power conferred shall be exercised is left to the discretion of the corporation; subject, however, to the general rule that the ordinance must be reasonable. The power given, in substance, is to regulate, and this implies that the corporation is empowered to do all things essential to the proper exercise of the power expressly conferred. The privilege conferred should not be confined within narrow bounds, but the discretion reposed in the corporation must be fairly exercised, so as to not unduly infringe upon the rights of the citizen, on the one hand, and yet, on the other, so that the express and necessarily implied object of the statute shall not be unduly limited. The subject under consideration, or rather, the power to establish markets, was considered by this court in *City of Davenport v. Kelly*, 7 Iowa, 102. See, also, the cases referred to in the cited case, and *Yates v. City of Mil-*

*waukee*, 12 Wis., 673; *Taylor v. Pine Bluff*, 34 Ark., 603; *Vanderbilt v. Adams*, 7 Cow., 349; 2 Dill. Mun. Corp., § 391. In some of these cases the controversy was in relation to weighing hay, grain, coal, and other articles, and the power to pass an ordinance regulating the same by establishing scales was affirmed. The authorities cited by counsel for appellee have all been examined, but they are distinguishable. In some it was found that the power to pass the ordinance had not been conferred; in others it conflicted with the general statutes and policy of the state; and in none of them, we think, was the question presented as to the power to establish scales, and regulate the weighing of coal, hay, etc. Several cases in our own reports are cited by counsel for the appellee, but none of them have much, if any, bearing on the question in this case.

II. It is conceded that the ordinance must be reasonable. (Dill. Mun. Corp., § 319.) An ordinance like the one in question, it is possible, would be unreasonable if enacted by a large city, for the reason that it might deprive the citizens of proper and sufficient facilities for doing the business of such a place. One scale or place of weighing would probably be insufficient. But the town of Anita only contains about 500 or 600 inhabitants; and therefore its trade and commerce cannot be presumed to be so large as to require more than one such place. If the only power conferred by statute, as counsel for appellee contend, is to establish scales, it would be a barren power, unless the necessary implication is that it was intended that the power expressly granted could be made effective by compelling persons to weigh on the established scales. When this is required, then, and only then, would the ordinance amount to a regulation. This was substantially held in *City of Davenport v. Kelly*, before cited. The statute evidently confers on cities and towns power to provide scales, a competent weigh-master, correct weights or balances, so that the seller may have a guaranty that what he sells has been correctly weighed, and also so that the pur-

chaser may, with confidence, believe he is getting what he pays for. This, it seems to us, is a reasonable and proper exercise of municipal authority.

The judgment of the district court is

REVERSED.