INCORPORATED TOWN OF SPENCER, Appellant, v. ANDREW & McQUEEN, Appellees.

1. **Municipal Corporations : STREETS : LICENSE.** An incorporated town has power to authorize the erection of a scale in one of its streets by a property-owner in front of his premises for use in connection with his business, when such scale does not interfere with the public travel.

2. ——— : ——— : ———. After the defendant had obtained permission of the town council to erect such a scale, he ordered a scale suited to the place, had it shipped to him, had paid the freight upon it, had enlarged his building to accommodate the scale-beam on the inside thereof, and was doing some grading in front of his premises preparatory to setting the scale, when the town council passed a resolution rescinding the permission granted, and caused the defendant to be notified of its action. *Held*, that the town was then estopped from revoking the license until the interests of the public required its removal.

3. ——— : ——— : ———. The fact that such a license is being used by a copartnership, when the permission was granted to one of the partners only, will not warrant its revocation.

*Appeal from Clay District Court.*—HON. GEORGE H. CARR, Judge.

WEDNESDAY, JANUARY 28, 1891.

ACTION in equity to determine the right of defendants to set, maintain and use a weighing scale in Main street of the plaintiff town, and to restrain them from so doing. The case is again submitted under a stipulation that defendants waive the right of urging that plaintiff has a remedy at law. A decree was entered dismissing plaintiff's petition, from which plaintiff appeals.—*Affirmed.*

*Parker & Richardson,* for appellant.

*Hughes & Hastings* and *F. H. Helsell,* for appellees.

GIVEN, J.—I. Appellees insist in argument that appellant has not made all the evidence taken on the trial of record, namely, Exhibit A and Exhibit number 1, and that, therefore, the case cannot be tried *de novo.* We are not referred to any part of the six abstracts or of the transcript in support of this claim, but are left to search these several hundred pages to see what they show, if anything, as to these exhibits. In the absence of any specific reference, we conclude that we may rely upon the certificate of the judge that the transcript contains all the evidence, and, therefore, consider the case *de novo.*

II. The following statement of facts, with those hereafter mentioned, will be sufficient to a correct understanding of the questions presented:

1. MUNICIPAL corporations: streets: license.

The defendant Andrew was the owner of two lots fronting on Main street, upon which he and McQueen decided to erect a building in which to carry on the fuel and implement business. April 17, 1888, the petition of defendant Andrew for permission to put in a scale in Main street in front of said lots was granted by the town council. Thereupon defendants ordered a street scale with levers and attachments, so that the scale-beam would be inside the building, and changed the construction of their building

accordingly. On May 15, 1888, after the scale had been ordered and shipped and freight paid, the town council passed a resolution rescinding said permission, and caused notice thereof to be served on the defendant Andrew. Some attempt was made to arrive at an arrangement satisfactory to both parties, but, failing, the defendants proceeded to set their scale in the street, under the permission granted to Andrew. The principal conflict in the testimony is whether the scale is an obstruction to public travel. We may here say that the decided preponderance of the evidence is that the scale is not an obstruction or hinderance to public travel. The scale-beam is inside of the building, and connected by levers under the sidewalk, and no part of the scale shows upon the street except the platform, which is so substantial, and near the level of the street, that it can be safely and conveniently traveled over.

III. Our next inquiry is whether the incorporated town of Spencer had power to grant the permission given to the defendant Andrew. That the title to public streets and alleys is in the city or town in trust for the use of the public, is not questioned. That other uses than travel may be made of the public streets and alleys, is shown by numerous provisions of the statute granting power to authorize other uses. The paramount purpose of maintaining streets and alleys is for public travel, and all other uses must be subordinate thereto. The city or town must keep them free from obstructions, except where the use or obstruction is such as the city or town is specifically empowered to, and has, authorized. Code, sec. 524; *Heath v. Railroad*, 61 Iowa, 11. Among the powers conferred upon incorporated cities and towns is the right "to establish and regulate markets, to provide for the measuring or weighing of hay, coal or any other articles of sale." Code, sec. 456. In *Davis v. Anita*, 73 Iowa, 325, the town under authority of this provision passed an ordinance appointing a weigh-master, and providing a penalty for selling certain commodities within the town, when the quantity

2. The same.

exceeded one thousand barrels, without being weighed upon the city scales, and declaring a certain scale in the town to be "city scales." The court says, with reference to the power conferred, that "the power given, in substance, is to regulate; and this implies that the corporation is empowered to do all things essential to the proper exercise of the power expressly conferred. The privilege conferred should not be confined within narrow bounds, but the discretion reposed in the corporation must be fairly exercised, so as to not unduly infringe upon the rights of the citizen, on the one hand, and yet, on the other, so that the express and necessarily implied object of the statute shall not be unduly limited. It is under the authority conferred by section 456, that many of the cities and towns have erected and maintained scales in the public streets. It is certainly the duty, as well as the privilege, of cities and towns to provide conveniences for the correct weighing or measuring of commodities brought to their markets. If the cities and towns may maintain scales of their own in the public streets to facilitate the weighing of hay, coal or other articles of sale, we see no good reason why they may not, under reasonable restrictions, authorize others to maintain scales whereby the public convenience will be served. If it may be said that this power is not delegated by statute, it is certainly included in the trust, relation and purpose under which cities and towns hold the title to and exercise control over the public streets and alleys. In *Emerson v. Babcock*, 66 Iowa, 258, the plaintiff sought to restrain the defendant, the city marshal, from removing a set of scales. The petition alleged that the scales were not an obstruction, were a benefit to the public, and that they were put in the street at the first laying out of the town, and that the council had passed an ordinance requiring their removal. It was held on demurrer, that the plaintiff had no legal right to carry on his private business in the streets; that his being permitted to maintain his scales for a time was a mere license which might be terminated at any time, and in

such case it was immaterial whether the scales amounted to a nuisance or not; and, hence, that the demurrer was properly sustained. The distinction between the cases is obvious. In this, the scales were put in by permission, and evidently to serve the public need; in that, there was no permission, and the plaintiff was a trespasser. Our conclusion is that the town of Spencer did have power to grant the permission it did.

IV. Appellant contends that, although the council had power to grant the permission, "it was in effect a mere license, and, as such, was revocable at any time before an entry upon the premises, and possession taken thereunder, and expenses incurred." Appellee contends that under the facts the plaintiff was estopped from revoking the permission at the time it was attempted to do so. We have seen that, before the attempted revocation, the defendants, relying upon the permission, had ordered a scale suited to the place, paid the freight thereon, and had it shipped to them at Spencer. It also appears that the location requires grading, some of which was done, and that defendants enlarged the plan of their building so as to make room for the scale-beam on the inside. These facts were known to the council at the time of the attempted revocation, and, under the familiar rules of the law, were estopped from then revoking the permission. Appellees cite cases wherein licenses were held irrevocable, but we do not understand them to claim, nor would we hold, that this license must continue perpetually; for, surely, such was not contemplated by either party. The license having been granted by authority, and the defendants having acted thereon, as stated, the plaintiff is estopped from revoking it until the interests of the public shall require that it be revoked. If from any cause, such as change in the travel or business, the construction of a scale by the town, or the condition or management of this scale, public interests require its removal, then the council may revoke the permission. In *Emerson v. Babcock*, *supra*, where the scales were placed without permission,

it was held that permission, implied from allowing them to remain, might be terminated at any time. The doctrine of estoppel had no application in that case. As no reason is shown for revoking the permission at the time the resolution of revocation was passed, we think the council were not authorized to revoke it.

V. The permission being to Andrew alone, appellant contends that it confers no privilege upon the firm of Andrew & McQueen. It is evident that

3. THE same.

the privilege was granted with the knowledge and expectation that it was to be used by the firm. Authorities are cited as to the difference between the rights of a partnership and of those composing it. It is a sufficient answer to appellant's claim that the mere fact that the firm of which Andrew is a member is exercising the privilege is not a sufficient reason for granting the relief asked.

This discussion fully disposes of the case, and leads to the conclusion that the judgment of the district court should be AFFIRMED.