THE STATE OF IOWA, Appellant, v. J. C. SMITH.

**Markets:** SALE OF COMMODITIES. Code section 717 authorizes an
1    ordinance locating a city market on a certain street and providing that articles of produce shall not be weighed or sold in any other street.

**Nuisance:** PUBLIC MARKET. A public market established by or-
2    dinance in a portion of a street is not a nuisance *per se*, where the same constitutes only a temporary or partial obstruction of the street.

**Sale of Commodities:** WEIGHING OVER CITY SCALES: RESTRAINT
OF TRADE. Corn sold for grinding at a mill within the city
3    limits is within the terms of an ordinance requiring produce sold for consumption in the city to be weighed over city scales, and such requirement is not an unreasonable restraint of trade.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, OCTOBER 17, 1903.

THE defendant was tried for the violation of a city ordinance regulating the sale of commodities on its streets. A verdict was directed for him, and the state appeals.— *Reversed.*

*John N. Hughes* for the State.

*Grimm, Trewin & Moffitt* for appellee.

SHERWIN, J.—The city of Cedar Rapids adopted an ordinance establishing and regulating a city market. It pro-

vided for city scales, and required all hay, straw, oats, or corn sold within the city, and for consumption therein, to be weighed thereon.   It also prohibited the sale of commodities upon any of the streets of the city not included in the public market place.   The city, after the adoption of this ordinance, located the city market on First street.   The defendant sold a load of corn on one of the other streets of the city, and without having it weighed as provided by the ordinance above referred to.   After hearing the evidence in the case, the district court directed a verdict for the defendant.

That the city of Cedar Rapids had the power to enact an ordinance establishing and regulating a city market cannot be seriously questioned.   This power is specifically

1. MARKETS: sale of commodities.

given by section 717 of the Code, and has been declared by numerous decisions of this court, and the power thus conferred upon the city necessarily carries with it the power to prohibit the sale or weighing of commodities elsewhere than at the place established as such public market.   *City of Davenport v. Kelley,* 7 Iowa, 102; *Le Claire v. The City of Davenport,* 13 Iowa, 210; *Davis et al. v. The Town of Anita et al.,* 73 Iowa, 325; *Miller v. City of Webster City,* 94 Iowa, 162.

Indeed, this power is not seriously questioned by the appellee, but his principal contention is that the establishment of a public market on one of the streets of the city created

2. NUISANCE: public market.

a nuisance *per se,* and that the ordinance was therefore void.   It is a general principle that the public has a right to the free and unobstructed use of a street for passage to its utmost extent, and that any unauthorized obstruction thereof, which unnecessarily interferes with such use, is a public nuisance. It is undoubtedly true that the erection of a market building in a street would be an unauthorized use of the street, and would create a nuisance *per se.   Pettit v. Grand Junction,* 119 Iowa, 352.   But not every use of a public street for other purposes than for travel thereover creates a nuisance *per se.   Temporary or partial obstruction of streets may be justified on the ground of pub-

lic or private necessity (see note in 1 Am. St. Rep. 840);
and it will hardly be claimed that every use of a street for
the purpose of barter will constitute a nuisance *per se,* for if
such were the case, every person who stopped for a moment
on the street with a load of produce, and during the time
sold it, and then moved on without having in any way in-
terfered with the use of the street by others, would be guilty
of unnecessarily and unduly obstructing said street and of
creating a public nuisance.  In *Incorporated Town of Spen-
cer v. Andrew & McQueen,* 82 Iowa, 14, we held that the
town had the power to permit a private scale in the street,
where it did not unduly infringe the public use of the street;
and surely, if such license may legally be given a private
citizen, the city itself may so use a street for the public con-
venience.  It may possibly be that the actual use of First
street for market purposes is such as to constitute a public
nuisance, but there is no evidence on this point, and the mere
location of a public market there not creating a nuisance *per
se,* we must hold the act a valid exercise of municipal power.

It is also contended by the appellee that the defendant
was not obliged to weigh his load of corn on the city scale,
because the ordinance only requires such weighing where the
3. SALE of com- produce is for consumption within the city.
modities:
weighing over This position is not well taken, however, for
city scales:
restraint of the reason that the corn was in fact sold for
trade. grinding in a roller mill within the corporate
limits.  Such use would be a consumption within the mean-
ing of the ordinance.  2 Century Dictionary 1220.  That
the market requirement under consideration is not an unrea-
sonable restraint of trade is settled by the authorities here-
tofore cited.

The court erred in directing a verdict for the defendant,
and the case is REVERSED.