## STATE ex rel. GEORGE F. STONE v. AARON ECK.[1]

April 18, 1913.

Nos. 18,126—(26).

**Municipal scales — city authorized to require their use.**

1. The legislative authority granted by the charter of the city of Crookston, with respect to the regulation of the use of weights and measures, *held* to confer upon the city council authority to require by ordinance the weighing of coal upon the municipal scales.

**City ordinance reasonable.**

2. The ordinance so providing *held* not unreasonable, nor arbitrary or discriminatory, because sales in quantities less than 500 pounds are excluded from the operation thereof, nor because it permits in certain instances the use of the scales of the buyer when the seller is satisfied with the weights given.

**Same — not in conflict with statute.**

3. The ordinance does not conflict with chapter 156, Laws 1911.

Upon the petition of George F. Stone, the district court for Polk county issued its writ of habeas corpus directed to Aaron Eck. The defendant, as chief of police of the city of Crookston, made return that the petitioner was detained in custody by virtue of a criminal warrant issued because of the violation of a city ordinance in selling a ton of coal without first having the coal weighed or measured by the city sealer or city weighmaster. The petitioner demurred to

[1] Reported in 141 N. W. 106.

---

Note.—The question of the power of a municipality to regulate the use of scales by merchants is the topic of a note in 23 L.R.A.(N.S.) 266.

the. return. The matter was heard before Watts, J., who dismissed the writ and remanded relator to the custody of respondent. From the order dismissing the writ and remanding the relator, he appealed. Affirmed.

*A. A. Miller,* for appellant.

*W. E. Rowe,* for respondent.

BROWN, C. J.

An ordinance of the city of Crookston makes it unlawful for any person, company, or corporation to buy or sell, within the city, any hay, straw, or coal, where the quantity sold exceeds 500 pounds, without first having the same weighed by the city sealer and weighmaster and obtaining his certificate of the net weight thereof. Relator was charged with a violation of the ordinance before the municipal court of that city, and subsequent to his arrest sued out a writ of habeas corpus for his release and discharge, upon the ground that the ordinance is void and unenforceable. At the hearing in the court below the writ was discharged, and relator appealed.

It is contended by appellant (1) that the ordinance, in so far as concerns the weighing of coal, does not come within the power and authority of the city as conferred by the city charter; (2) if so authorized, that it is unreasonable and discriminatory in its application; and (3) that the ordinance is in conflict with chapter 156, p. 197, Laws 1911.

1. The ordinance in question, in so far as here important, enacts as follows:

"It shall be unlawful for any person, firm or corporation to buy or sell in the city any quantity or amount of hay, straw, coal or firewood, sold or bought by weight or measurement, without first having. the same weighed or measured by the city sealer and city weighmaster, and obtaining his certificate of the net weight or measurement thereof: Provided, that nothing herein shall prevent any person, firm or corporation, in a transaction of purchase and sale, from accepting the weight or measurement of the buyer thereof, if the buyer is the owner or operator of a scale or measuring appliance of sufficient size and capacity to weigh or measure the same, and the

seller is satisfied with the weight or measurement so ascertained. In case of a disagreement between the parties upon the weight or measurement of the commodities enumerated in this section, then the said commodities shall be weighed or measured as in this ordinance provided: And provided further, that in any transaction of purchase and sale of said commodities by weight or measurement where the quantity of hay, straw or coal is less than five hundred pounds in weight, or where the quantity of firewood is less than half a cord, the same may be weighed or measured privately, but without charge, when the parties to said transaction accept the weight or measurement so ascertained, but not otherwise."

The first question presented is whether the ordinance is within the authority of the city as conferred by the powers expressly reserved and granted by its charter. This question requires no extended discussion. The charter, among other things, expressly confers upon the municipality power:

"Eighteenth—To establish public markets and other public buildings; to make rules and regulations for the government and management thereof, and to provide for the enforcement of all rules and regulations in regard to the same."

"Twentieth—To regulate the place and manner of weighing and selling hay and straw, and the measuring and selling of firewood, coal and lime, and to appoint suitable persons to superintend and conduct the same."

"Twenty-sixth—To appoint inspectors, weighers and gaugers, and to regulate their duties and prescribe their compensation."

The authority to define and provide a uniform standard of weights and measures rests with the legislature, under the police power of the state. And though that authority is exclusively legislative, the enactment of such regulations and restrictions in the use and application of the standard so prescribed, as local conditions may justify, may be delegated to municipal corporations. Of this there is no question in the case at bar. The precise point on this branch of the case is that the power to prescribe the manner and place of *weighing coal* is not conferred by the provisions of the city charter. Subdivision twentieth, above quoted, provides that the city may pre-

scribe the place and manner of weighing and selling hay and straw, and the manner of "measuring" coal and firewood. The word "weighing" is not found in the clause of the grant of power in connection with coal, lime, and firewood.

We do not think this fatal to the asserted power of the city as respects the weighing of coal. The three subdivisions of the charter above quoted are in pari materia and should be construed together. So construing them, it seems clear that the grant of power was intended to authorize the general supervision and regulation of both the weighing and measuring of all the commodities therein referred to. Coal is only sold by weight, and it is not reasonable to suppose that the legislature, in framing the charter, intended to leave that article of daily bargain and sale to the uncontrolled action of the shortweight dealer, and to exclude it from the operation of the general power of regulation there granted. The reasonable construction of the grant justifies the conclusion that weighing of coal, as well as the weighing of the other commodities referred to, was intended to be included therein. We so hold.

2. The second contention, namely, that the ordinance is unreasonable, arbitrary, and consequently void, is not well founded. The ordinance is in the form, with one exception, of similar enactments which have been upheld by the courts of other states. Stokes v. City, 14 Wend. (N. Y.) 87 ; Yates v. City, 12 Wis. 673; Davis v. Town, 73 Iowa, 325, 35 N. W. 244; 30 Am. & Eng. Enc. (2d ed.) 452. The purpose of the regulation is to guard against fraud, and to provide a method by which the purchasers of the commodities specified in the ordinance may protect themselves from short weights, and enable them to obtain the quantity of property bought and paid for. To this end the ordinance in question, as to all sales of coal exceeding 500 pounds, requires that the city scales be adopted in determining the quantity of any particular sale. This, so far as the record discloses, imposes no hardship upon the fuel dealers of Crookston. Presumably the public scales are centrally located and readily accessible to all dealers. There is no showing to the contrary, even if it be conceded that inconvenience in this respect would be a potent factor in determining the reasonableness of the ordinance.

Nor do we consider the ordinance arbitrary or unfair because sales, under 500 pounds are excluded from its operation. The scope of the regulation rested in the sound judgment and discretion of the city council. The members thereof were familiar with local conditions respecting the subject, and the evils to be remedied, and the exclusion of sales involving less than 500 pounds is not so arbitrary or discriminatory as to justify interference by the court. All dealers are treated alike. City v. Elsner, 155 Mo. 671, 56 S. W. 291. Nor does the provision of the ordinance permitting buyers of commodities to use their own scales, with the consent of the seller, conceding it to be of doubtful validity, necessarily render the whole ordinance invalid. State v. Schoenig, 72 Minn. 528, 75 N. W. 711. However, the validity of that part of the ordinance is not involved, and we do not determine the question.

3. There is no conflict between the ordinance and chapter 156, p. 197, Laws 1911. That statute commits to the board of warehouse commissioners supervision and control of all weights and weighing and measuring devices, and confers upon the members of the commission the duty to maintain the legal standard thereof. The statute deals with the maintenance of the accurate and proper standard, but makes no attempt to cover the subject of municipal regulation. The authority of the legislature to fix and maintain a standard of weights and measures cannot be questioned. That power has always been exercised, but legislation in that respect in no way interferes with the power of municipal corporations to require commodities of the character of those included in this ordinance to be weighed upon scales provided by the public authorities, when authority to so provide is contained in their charters. The statute in question does not provide for public scales or attempt to require the use thereof by dealers or traders. It simply provides for the maintenance of the legal standard, and cannot be construed as taking from the municipal corporations of the state the authority exercised by the city of Crookston.

The order appealed from is affirmed.