(No. 15938.—Reversed and judgment here.)

THE CITY OF CHICAGO, Appellant, *vs.* THE WISCONSIN
LIME AND CEMENT COMPANY, Appellee.

*Opinion filed April 14, 1924—Rehearing denied June 11, 1924.*

1. MUNICIPAL CORPORATIONS—*what is included in power to reg-
ulate weighing of merchandise.* The power given in paragraph 54
of section 1 of article 5 of the Cities and Villages act for regulat-
ing the weighing of articles of merchandise, includes the supervi-
sion, oversight, control and the prescribing of methods of weigh-
ing which will secure truthful weights, and necessarily includes the
power to make the regulation effective.

2. SAME—*what ordinance regulating weighing of merchandise
is proper.* An ordinance regulating the weighing of merchandise
sold by load lots and providing for the appointment of a weigh-
master, by whom all such weighing must be done, who is required
to give a bond and pay a small fee and is subject to a penalty, is
a proper exercise of the power given by paragraph 54 of section 1
of article 5 of the Cities and Villages act.

3. SAME—*Chicago ordinance regulating weighing of merchan-
dise does not make unreasonable classification.* An ordinance of
the city of Chicago providing that all articles of merchandise sold
by persons, firms or corporations in load lots by weight shall be
weighed by specially appointed weighmasters, does not mean that
a dealer who does not fill his wagon or truck may use his own
private scales, and it does not make an unreasonable classification
in not including wholesale dealers who sell coal in car-load lots,
as the latter deal with those who have the means of determining
the weight of the car-load lots and are not in the same class with
retail dealers.

APPEAL from the Municipal Court of Chicago; the Hon.
HOSEA W. WELLS, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, SAMUEL E.
PINCUS, City Attorney, and LEONARD J. GROSSMAN, (Jo-
SEPH B. FLEMING, LOUIS G. CALDWELL, and EHLERS ENG-
LISH, of counsel,) for appellant.

DELBERT A. CLITHERO, and DWIGHT S. BOBB, (F. M.
HARTMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 2, 1923, there was in force in the city of Chicago an ordinance providing that every load of any commodity purchased, or every article or articles of merchandise sold in load lots by weight, delivered by wagon, truck or other vehicle, should be weighed by a public weighmaster, and a certificate of weight for each load issued by such weighmaster should be delivered to the purchaser or consignee or agent at the time of delivery, or if the purchaser, consignee or agent could not be located, the certificate should be posted conspicuously at the place of delivery. On that day the appellee, a corporation, operating a number of yards in the city from which it sold coal, lumber, sand, gravel, cement and other building material in loads, sold and delivered from one of its yards a load of coal sold by weight, delivered by wagon, which had not been weighed by a public weighmaster. The city brought its action in debt in the municipal court against the appellee to recover the penalty prescribed by the ordinance, which was not less than $25 nor more than $200. The sale in violation of the terms of the ordinance was admitted, and the defense was that the ordinance was void for want of power to enact it and because it was unreasonable. There was a trial before the court resulting in a finding that the ordinance was void, and judgment was rendered for the appellee. The court certified that the validity of the ordinance was involved and allowed an appeal to this court.

The ordinance was designed to protect the purchasing public against what has been universally regarded as a widespread evil in the selling of commodities in load lots by weight and it contained effective means for the prevention of the evil. It was proved at the trial that the conditions in Chicago in regard to short weighting, the use of padded weight tickets, the substitution of a different kind of coal from the coal billed, and the mixing of an inferior grade

with coal of a superior grade and quality, had become so bad that many reputable dealers had asked protection from such unfair competition. By section 101 of division 1 of the Criminal Code, if any person shall knowingly sell by false weights or measures he is subject to a fine of not less than $200 and imprisonment not exceeding three months. Purchasers of a commodity by weight already had that protection but no way to enforce it. In buying ordinary articles the buyer generally may see the article weighed or have the means at hand to ascertain whether it is short weight, but when applied to load lots it was and is impossible for the purchaser to determine the weight of the load. The purpose of the ordinance was most commendable and essential to secure to the purchaser the weight of the commodity purchased and paid for, but a defense was interposed at the trial on the ground that the city had no power, either expressed, necessarily implied or essential to the purposes of the corporation, to pass the ordinance.

The powers of the city council are enumerated in article 5 of the Cities and Villages act, and among them are the following:

"*Fifty-fourth*—To regulate the inspection, weighing and measuring of brick, lumber, firewood, coal, hay, and any article of merchandise.

"*Fifty-fifth*—To provide for the inspection and sealing of weights and measures.

"*Ninety-first*—To tax, license and regulate * * * public scales," etc.

The appellee would limit the meaning of these sections by confining the word "regulate" to governing by rule and directing or managing according to certain standards or laws, and contends that the word does not include authority to provide that commodities sold in loads by weight shall be weighed by a public weighmaster appointed by the city. The power conferred, as applied to commodities sold in load lots by weight, cannot be so restricted. The commod-

ity sold and paid for by weight is necessarily weighed, and the authority is not merely to create a mental state in the seller or rule or regulation that he shall give honest weights, but it includes supervision, oversight, control and prescribing methods to secure the intended result. It is admitted that the city could legislate by making rules and prescribing methods for weighing commodities sold by weight, but if there were no power to provide for the weighing of the commodity, making rules without superintendence or control would be ineffective and worthless. The ordinance is limited to purchases of load lots,—not as loads but by weight. The power to regulate necessarily includes the power to make the regulation effective and to provide for methods of weighing which will secure truthful weights. The method provided for such regulation is the appointment of a weighmaster required to give a bond and pay a small fee, instead of the weighing being done by the seller, without the knowledge or supervision of anyone or any method of ascertaining whether the scales are correct or the weighing honest. The power to pass such an ordinance is sustained by many decisions. (*Petty* v. *State,* 102 Ark. 170; *Davis* v. *Anita,* 73 Iowa, 325; *Sylvester Coal Co.* v. *City of St. Louis,* 130 Mo. 323; *Stone* v. *Eck,* 121 Minn. 202; *Stokes* v. *City of New York,* 14 Wend. 87; *Brittingham Lumber Co.* v. *City of Sparta,* 157 Wis. 345.) It is the opinion of counsel for the appellee that these decisions do not sustain the ordinance because in these cases ordinances were passed under statutes granting power to provide for weighing or measuring such merchandise or giving the right to appoint weighers or weighmasters. There is no distinction, since the power to regulate includes the power to make the regulation effective, which is secured in the only feasible way by requiring the weighing to be done by weighmasters who give a bond and are subject to a penalty. The ordinance is not invalid for want of power to enact it.

The second objection to the ordinance is that it is unreasonable in affecting only persons, firms and corporations selling merchandise in load lots by weight, for delivery in Chicago in wagon, truck or other vehicle, and does not include wholesale dealers or a coal dealer selling a part of a load of coal, who, it is said, may use his own private scales. A wholesale dealer selling in car-load lots is not in the same class as the dealers included in the ordinance, but deals with those who have the means of determining the weight of car-load lots; and it is not true that a coal dealer selling coal in a wagon or truck by weight, where the wagon or truck is not full and only partly filled, may use his own private scales. Coal delivered in load lots does not mean that a wagon or truck must be full of coal. If two lots of coal are loaded in the same wagon or truck, separated by a partition, there is no difficulty whatever in fixing the weight of each,—first of the coal or commodity on one side of the partition and then the added weight on the other. The ordinance is liberal in permitting dealers themselves to be appointed weighmasters or have their own employees appointed deputies, for their own convenience. No one is required to become a weighmaster unless he chooses to do so, and if he thinks it to his own advantage to give the bond and pay the fee he may do so. There is no legal objection to the ordinance.

The violation of the ordinance was admitted at the trial and is now admitted, and there is no reason for further delay by a new trial or delaying the enforcement of the ordinance.

The judgment of the municipal court is reversed and judgment will be entered in this court in favor of the city for $25,—the minimum penalty prescribed by the ordinance,—and for all costs.

*Reversed and judgment in this court.*