## HAUGE v. CHICAGO.

No. 175. Argued December 11, 1936.—Decided January 4, 1937.

*Mr. Owen Rall,* with whom *Messrs. Thomas C. McConnell* and *Irwin T. Gilruth* were on the brief, for appellant.

*Mr. Martin Foss,* with whom *Mr. Barnet Hodes* was on the brief, for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Appellant, while residing at Morris, Illinois, engaged in trucking coal for hire from a mine near that place sixty-two miles over public roads to Chicago where he delivered it to consumers. He both owned and drove the truck.

The Revised Statutes of Illinois, (1935) c. 24, Art. V, §§ 54, 55, 56, 91, give cities power to regulate inspection, weighing and measuring of coal, inspection and sealing of weights, measures, etc. Chapter 147 provides for inspecting and sealing scales by State officers; but no law permits designation of State weighmasters.

Chicago by ordinance has authorized the appointment of weighmasters and prescribed their duties. Rev. Code (1931) §§ 525, 526, 2939, 2947, 2950, 3612, 3623.

Section 2947 [1] requires that merchandise "sold in load

---

[1] Section 2947:

"Every load of any commodity, produce or other article or articles of merchandise sold in load lots by weight, delivered by wagon, truck or other vehicle within the city, shall be weighed by a public weighmaster; a certificate of weight for each such load, issued by such public weighmaster, shall be delivered by the driver or person in charge of the wagon, truck, or other vehicle used in the delivery, to the purchaser or consignee of such load, or to his or their agent at the time of the delivery and before any of the commodity, produce or other article or articles of merchandise is removed from the vehicle, or such certificates shall be delivered to the inspector of

lots by weight, delivered by wagon, truck or other vehicle within the city, shall be weighed by a public weighmaster" and that his certificate showing weights shall be delivered to the purchaser or consignee. Section 3612 permits appointment, as weighmaster, of anyone owning scales under prescribed conditions; and § 3621[2] fixes permissible charges. Section 3623[3] directs: "In no case shall any public weighmaster state in his certificate the tare weight

weights and measures, or any of his deputies upon his or their demand. When delivery is made, in case no person is present to receive such commodity, produce or other article or articles of merchandise, and if the purchaser or consignee, or his or their agent, cannot be located, then the memorandum or certificate of weight hereinbefore provided for shall be posted conspicuously at the place of delivery before any of the commodity, produce or other article or articles of merchandise is removed from the vehicle."

[2] Section 3621:

"Public weighmasters, when not the owners or sellers of the articles, commodities or produce weighed by them, shall be entitled to charge and receive a sum not in excess of twenty-five cents for each and every load or part of load (or lesser quantity when not contained in any wagon, truck or other vehicle), of any commodity, produce, article or articles of merchandise weighed by them over the scales of such public weighmasters."

[3] Section 3623:

"Each public weighmaster shall issue a weight certificate, signed by him or his deputy, under his official seal, which certificate shall state thereon the following: The commodity, produce, article or articles weighed; the date; the name of the weighmaster or deputy weighmaster who did the weighing; the name and address of the person, firm or corporation for whom the weighing was done; the name of the driver of the vehicle bringing such commodity, produce, article or articles to the scales, or, if the same is not contained in a vehicle, the name and address of the person bringing the same to the scales; where contained in a vehicle, the kind of vehicle and the name and address of the purchaser or consignee of the commodity weighed; when the commodity is loaded in a vehicle, the total or gross weight of the commodity weighed and the conveyance in which it is loaded, together with the driver and any other person who may be on the vehicle when weighed, and of the horses, if a horse-drawn

of any vehicle until after he shall have weighed the vehicle in such manner as to secure the weight as specified herein . . ."

The Chicago Municipal Court adjudged appellant guilty of violating § 2947 by delivering coal trucked directly from the mine at Morris to a consumer in Chicago without having obtained a weighmaster's certificate showing the gross, tare, and net weights. The coal had been weighed at the mine upon scales duly tested by the State. He claimed the ordinance, as applied to his business, unreasonably required rehandling of coal already properly weighed and therefore offended the Fourteenth Amendment.

The Supreme Court of Illinois affirmed the judgment of conviction. It upheld the view that under §§ 2947 and 3623 coal brought by truck directly from the mine to the consumer in Chicago, although weighed at the mine on State tested scales, must be unloaded within the city, in order to permit a public weighmaster there to weigh the

---

vehicle and the horses are weighed; the tare weight or the weight of the vehicle, including driver and any other person who may have been on the vehicle when weighed while loading and including the horses if they were weighed when the loaded vehicle was weighed; the net weight of the commodity, produce, article or articles contained in such vehicle, or the net weight of the commodity, produce, article or articles when not contained in a vehicle at the time of weighing. In no case shall any public weighmaster state in his certificate the tare weight of any vehicle until after he shall have weighed the vehicle in such manner as to secure the weight as specified herein; provided, however, that in the case of a divided load, by which is meant a load containing more than one order for the same or different purchasers or consignees, no penalty shall be imposed under this chapter by reason of the fact that the tare weight shown on the weight certificates is only the original tare weight of the vehicle and equipment before loading if in such case each order has been weighed separately and the net weight of each separate order or delivery is correctly shown on the weight certificate and such correct net weight is delivered."

empty truck, and then reloaded so that both truck and load may be weighed by the same official. The prescribed certificate can issue only after such double weighing.

The Court declared that so construed the ordinance did not conflict with the Fourteenth Amendment; and that ruling is the basis for the only question presented for our determination. Violation of the ordinance as written is admitted. Also that it is not unreasonable as applied to dealers operating coal yards within Chicago.

Counsel maintain that appellant's business differs materially from the business of those who operate local coal yards; that the questioned ordinance is unreasonable in requiring coal weighed upon State inspected scales to be unloaded and reweighed before delivery, since weights could be adequately verified by practical methods not involving this expensive and burdensome proceeding; also that the ordinance unduly discriminates between those who truck coal directly from the mine and dealers with yards within the city.

In *Chicago* v. *Wisconsin Lime Co.*, (1924) 312 Ill. 520; 144 N. E. 3, the Supreme Court affirmed the power of Chicago to enact the challenged ordinance and pointed out that it "was designed to protect the purchasing public against what has been universally regarded as a widespread evil in the selling of commodities in load lots by weight and it contained effective means for the prevention of the evil."

Below, that Court said: "The opportunity to defraud the consumer in the sale of coal in load lots is great and the consumer has no adequate way to protect himself against being cheated. The delivery of true weights of coal to the consumer is a matter clearly related to the public welfare and the city has the right to adopt reasonable ordinances therefor." "The defendants, non-residents of the city of Chicago, are asking for a practice of weighing, as applied to the business done by them in the

city, which under the ordinance here would not apply to those truckers living in the city and delivering coal from the local yards or local dealers in the city to the consumer." "Where a city has enacted an ordinance within its charter or granted powers regulating a business, the non-residents who desire to follow such business within such municipality must conform to the requirements of the ordinance."

For many years, by admission, Chicago has rightly required local truckmen to comply with the ordinance. Since the evil to be prevented is no less imminent when coal comes by truck from without the city, a like requirement as to this seems equally important. The ordinance makes no discrimination of which appellant can complain; and no adequate reason has been suggested for concluding that although valid as to local truckers it violates rights guaranteed to him by the Fourteenth Amendment.

That the coal delivered by appellant was weighed at the mine on tested scales is stressed; but this is not really material. Chicago had no control there and such weighing afforded no adequate protection against fraud. The opportunities for manipulation thereafter are obvious. Invalidity of the ordinance cannot be established by suggesting some other less burdensome procedure, which possibly might accomplish the end in view—honest delivery weights. The city may act with proper legislative discretion. Here there is nothing to show action so arbitrary, unreasonable or discriminatory as to require us to overthrow its deliberate effort to meet a plain evil. *Rast* v. *Van Deman & Lewis Co.,* 240 U. S. 342, 357; *Armour & Co.* v. *North Dakota,* 240 U. S. 510, 513, 515; *Nashville, C. & St. L. Ry. Co.* v. *Walters,* 294 U. S. 405, 415.

The challenged judgment must be

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.