CHARLES HUSS et al., Appellees, v. CITY OF CRESTON et al., Appellants.

No. 44128.

MARCH 8, 1938.

J. D. Reynolds, for appellants.

E. F. McEniry, for appellees.

SAGER, J.—Appellees have filed no brief and argument and we have been to the labor of ascertaining whether there exist any rules of law in this state which sustain their contention. We have found none.

Appellees' claim is accurately stated by appellants in argument as follows:

"The Plaintiff Appellees object in particular to that part of the ordinance which requires that they deliver to the consumer or his or their agent, a City weight ticket, before any of the commodity, produce or other article or articles of merchandise is removed from the vehicle; said weight ticket showing:

"1.   The commodity, the date, the name of the weighmaster, the name and address of the person, firm or corporation for whom the weighing was done, the name of the driver of the vehicle bringing such commodity to the scales, the kind of vehicle, the name and address of the purchaser or consignee, the total or gross weight of the commodity weighed and the conveyance in which it is loaded together with the driver and any other person who may be on the vehicle when weighed, the tare weight of the vehicle including driver and any other person who may have been on the vehicle when weighed, the net weight of the commodity.

"In order to obtain the above information, because of the nature of the Plaintiff Appellees' business, it does become necessary for them to unload at a city scales in order to get the tare weight of their vehicle and then of course, they must reload to make the delivery."

That the city had power to enact an ordinance along the general lines proposed by the one in question is affirmatively established by a reading of section 5768 of the Code. That it has the power to appoint a sealer is declared by section 3255 of the Code.

The power of cities to enact ordinances of this kind has frequently been before the courts, and we, dealing with the subject, said, in Miller v. City of Webster City, 94 Iowa 162, at page 165, 62 N. W. 648, 649, this:

"As the statute expressly confers upon the city the authority to establish markets and to provide for the weighing of commodities, and contains no limitations upon the powers granted, the time, manner, and expediency of its exercise are left to the discretion of the corporation; and the judgment of its officers upon such matters cannot be controlled by the courts, so long as they act within the scope of their authority. The discretion of a municipal corporation, within the sphere of its powers, is as wide as that possessed by the government of the state, subject, however, to the general rule that the ordinances must be reason-

able. The action of the city council in the exercise of expressly delegated powers cannot be questioned upon the ground that it is in conflict with public interests.''

See also, Davis v. Town of Anita, 73 Iowa 325, 35 N. W. 244; State of Iowa v. Smith, 123 Iowa 654, 96 N. W. 899.

Having thus found that cities have the power to enact ordinances of this kind if reasonable in scope, we have next to examine whether the one under investigation exceeds the power of the city council to enact it in the terms in which it is couched. Before turning to the legal aspects of that question, it is not out of place to call attention to appellees' own admission, speaking through Huss, one of the appellees. His testimony may disclose the reason why this ordinance was passed. Huss and his associates were engaged in trucking coal from mines to various citizens of Creston, and delivering the same within the city limits. As above indicated, they object to having their loads weighed to determine the tare before making deliveries. Appellee Huss said, in speaking of the methods followed in dealing with their customers:

''I go down and unload whatever they want, the nearest we can guess that * * *. When I have two loads on or sufficient coal for two people or two orders, when I unload the first order, we guess at the amount of pounds he paid me for. * * * I do not give him a weight ticket at that time. I guess it somewhere near the amount he is supposed to get.''

The foregoing would seem to indicate a justification for an ordinance of the kind under consideration; and it should be sustained unless compelling reasons forbid.

This precise question has been considered by the supreme court of the United States in Hauge v. City of Chicago, 299 U. S. 387–392, 57 S. Ct. 241–244, 81 L. Ed. 297, and an ordinance of this kind has been sustained. The headnote to that case, which accurately states the sense of the opinion, is as follows:

''A municipal ordinance requiring, under penalty, that merchandise sold in load lots by weight, delivered by wagon, truck, or other vehicle within the city, be weighed by a public weighmaster whose certificate stating the gross weight, the tare weight of the vehicle, and the net weight of the load, shall be

delivered to the purchaser, is not so unreasonable as applied to one trucking coal from a mine outside the city where it is weighed on state-tested scales, who to comply therewith must unload and reload to permit his empty vehicle to be weighed, as to violate the due process clause of the Fourteenth Amendment; nor does it unduly discriminate against him in favor of dealers with yards in the city."

The decision in the last-cited case is based upon reasoning so sound as to admit of no argument against it. Since it fits precisely the case before us we are compelled to and do hold that the trial court was in error in its decree. Its ruling is, therefore, reversed.—Reversed.

STIGER, C. J., and HAMILTON, DONEGAN, RICHARDS, KINTZINGER, and MILLER, JJ., concur.