(Nos. 50712, 50713 cons

THE CHICAGO PARK DISTRICT *et al.,* Appellees, v. KENROY, INC., *et al.,* Appellants.

*Opinion filed February 1, 1980.—Rehearing denied March 28, 1980.*

Friedman & Koven and Burke, Weber & Egan, of Chicago (Paul Homer, Thomas T. Burke and Lawrence M. Templer, of counsel), for appellants.

Sneider & Troy, of Chicago (Richard J. Troy, of counsel), for appellee Chicago Park District.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke, Richard F. Friedman and Daniel Pascale, of counsel), for appellee City of Chicago.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiffs, the Chicago Park District (Park District) and the Public Building Commission of Chicago (PBC), filed a complaint seeking the imposition of a constructive trust to recover actual damages of $5 million and punitive damages of $10 million from defendants, Kenroy, Inc. (Kenroy), Edgewater Company, and La Salle National Bank (La Salle). Another complaint, seeking similar relief from the same defendants, was filed by the city of Chicago (City), which had been granted leave to intervene.

The circuit court of Cook County dismissed the complaint of the Park District and PBC on the ground that it represented a collateral attack on a final judgment in a related eminent domain proceeding. The City's complaint was also dismissed for failure to state a cause of action. The appellate court held no collateral attack occurred and reversed the dismissal of the complaint filed by the Park District and PBC, but affirmed the dismissal of the City's complaint on the ground that it was barred by the applicable statute of limitations. 58 Ill. App. 3d 879.

The conduct alleged in the complaints is adequately set forth in the opinion of the appellate court and need only be summarized here as follows. In its efforts to acquire a parcel of property commonly known as Edgewater Golf Club, the Park District filed an eminent domain proceeding during which the PBC was substituted as petitioner. According to a plan ratified by the Chicago city council, the PBC would acquire the parcel for the construction of park and recreational facilities and the Park District would then lease the property from the PBC for 20 years. Pursuant to the Public Building Commission Act and the Chicago Park District Act, the Park District assumed the obligation to levy a tax in an amount sufficient to amortize the PBC's acquisition costs.

In response to a petition filed by defendants prior to

institution of the eminent domain proceedings, the Chicago city council rezoned the property from R—4 residential use to "Planned Development No. 67." Valuations of the property as rezoned were offered by various appraisers, including Roy Gottlieb, an officer of defendant Kenroy and a general partner of the Edgewater Company. Pursuant to a settlement agreement among the parties to the eminent domain case, the circuit court entered an order requiring the PBC to pay La Salle $10.3 million as just compensation for the taking of the property.

It is further alleged that throughout the eminent domain proceeding and settlement negotiations, the defendants represented that the property had been properly rezoned. However, Roy Gottlieb and Kenneth Tucker, officers of Kenroy and members of the Edgewater partnership, subsequently testified that the rezoning had been secured by means of bribery and fraud. (United States v. Wigoda (N.D. Ill. 1974), Docket No. 74 CR 291 (unreported decision), aff'd (7th Cir. 1975), 521 F.2d 1221, cert. denied (1976), 424 U.S. 949, 47 L. Ed. 2d 355, 96 S. Ct. 1421.) Various municipal agencies and departments approved the zoning change, allegedly in reliance on representations made to them by defendants. As a city alderman and member of the Chicago Plan Commission, the city council and the council's Committee on Building and Zoning, Paul Wigoda voted to approve the defendants' application for a zoning change for which he allegedly received an envelope containing $50,000 in cash from Gottlieb and Tucker. Wigoda was subsequently convicted for failure to report this sum on his 1969 income tax return. (*United States v. Wigoda* (7th Cir. 1975), 521 F.2d 1221, 1225, *cert. denied* (1976), 424 U.S. 949, 47 L. Ed. 2d 355, 96 S. Ct. 1421.) Because of defendants' participation in this alleged unlawful activity, plaintiffs prayed that defendants be declared constructive trustees of that portion of the condemnation award which equals the

difference in the valuation of the property before and after the rezoning or $5 million, and that defendants be compelled to pay $10 million as punitive damages, plus costs. The City also seeks recovery for damages allegedly suffered in its defense of a suit brought by the defendants against the City's building commission to secure a building permit pursuant to the planned unit development ordinance. The defendants prevailed in that suit at both the trial and appellate levels (La Salle National Bank v. Fitzgerald (Cir. Ct. Cook County), Docket No. 69 L 16155, *aff'd* (1973), 15 Ill. App. 3d 1016), and secured from the commissioner a stipulation to dismiss the appeal to this court and to permit the entry of an adverse judgment. (56 Ill. 2d 587 (1974).) Alleging that the stipulation to dismiss constituted an abuse of process and was part of defendants' continuing fraud, the City has sought recovery for actual damages of $60,000 and punitive damages of $500,000, plus costs.

The issues in this consolidated appeal are whether the City's complaint is barred by the statute of limitations and, if not, whether its complaint states a cause of action and whether the complaint of the Park District and PBC constitutes a collateral attack upon the final judgment entered in the prior eminent domain proceeding.

In affirming the dismissal of the City's complaint, the appellate court found the action barred by section 15 of the Limitations Act, which provides in pertinent part that "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1975, ch. 83, par. 16.) Since this all-inclusive provision has been deemed applicable to actions for fraud and deceit (*Keithley v. Mutual Life Insurance Co.* (1916), 271 Ill. 584, 592; *Bates v. Bates Machine Co.* (1907), 230 Ill. 619, 621), to actions for tortious misrepresentations (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 69), and to actions for enforcement of

constructive trusts (*Anderson v. Lybeck* (1958), 15 Ill. 2d 227, 234, *Schreiner v. City of Chicago* (1950), 406 Ill. 75, 91-92), the appellate court properly found this to be the appropriate statute of limitations. Since the City's complaint was not filed until April of 1975, more than 6 years after the alleged conduct forming the basis of its cause of action, the appellate court found the complaint to have been filed beyond the limitation period.

The appellate court also found that the limitation period had not been tolled by application of the "discovery rule" (see *Auster v. Keck* (1976), 63 Ill. 2d 485; *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32; *Rozny v. Marnul* (1969), 43 Ill. 2d 54), or by section 22 of the Limitations Act, which provides:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." (Ill. Rev. Stat. 1975, ch. 83, par. 23.)

We believe that court erred in its construction of this section as it applies to the circumstances here alleged. As a general rule, the concealment of a cause of action sufficient to toll the statute of limitations requires affirmative acts or representations designed to prevent discovery of the cause of action. (*Skrodzki v. Sherman State Bank* (1932), 348 Ill. 403, 407); *Lancaster v. Springer* (1909), 239 Ill. 472, 482; *Bush v. Continental Casualty Co.* (1969), 116 Ill. App. 2d 94, 100; *Village of Dolton v. Harms* (1945), 327 Ill. App. 107, 124-25.) Silence alone on the part of the defendant, accompanied by the failure of the plaintiff to discover the cause of action, ordinarily does not constitute fraudulent concealment. (*Jackson v. Anderson* (1934), 355 Ill. 550, 557; *Harvey v. Harris Trust*

*& Savings Bank* (1979), 73 Ill. App. 3d 280, 287; *Nogle v. Nogle* (1964), 53 Ill. App. 2d 457, 464.) However, "[i]t is the prevailing rule that, as between persons sustaining a fiduciary or trust or other confidential relationship toward each other, the person occupying the relation of fiduciary or of confidence is under a duty to reveal the facts to the plaintiff (the other party), and that his silence when he ought to speak, or his failure to disclose what he ought to disclose, is as much a fraud at law as an actual affirmative false representation or act; and that mere silence on his part as to a cause of action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent concealment ***." (Annot., 173 A.L.R. 576, 588 (1948); see *Vigus v. O'Bannon* (1886), 118 Ill. 334, 335; *County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 635; see also *Emmett v. Eastern Dispensary & Casualty Hospital* (D.C. Cir. 1967), 396 F.2d 931, 937-38 n.33; *Sheets v. Burman* (5th Cir. 1963), 322 F.2d 277, 279-80; *Rowen v. Le Mars Mutual Insurance Co.* (Iowa 1979), 282 N.W.2d 639, 646-47; *Laventhol, Krekstein, Horwath & Horwath v. Tuckman* (Del. 1976), 372 A.2d 168, 170-71; *Higbee v. Walsh* (1940), 229 Iowa 408, 423-24, 294 N.W. 597, 605-06; 51 Am. Jur. 2d *Limitation of Actions* sec. 149 (1970).) There can be no doubt that, as an alderman, Wigoda occupied a fiduciary relationship to the City. *City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, 565; *County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 627; Flaum & Carr, *The Equitable Bill of Accounting—A Viable Remedy for Combatting Official Misconduct* (1974), 62 Ill. B.J. 622, 624.

According to the allegations here under consideration there was no apparent reason for the City to suspect that its fiduciary, Alderman Wigoda, had entered into a scheme of bribery and fraud with the defendants until it became apparent during his prosecution. (See *United States v. Wigoda* (7th Cir. 1975), 521 F.2d 1221, *cert. denied* (1976), 424 U.S. 949, 47 L. Ed. 2d 355, 96 S. Ct. 1421.)

To hold that the City was obliged to search for the misfeasance of its duly elected public official, absent a prior indication of wrongdoing, would require it to presume unfaithfulness on the part of its fiduciary. We find that such a duty was not contemplated by section 22.

The fact that it is the defendants, rather than Wigoda, who here seek to invoke the statute of limitations does not, in our view, alter the situation or render section 22 inapplicable, for it is alleged that, in addition to buying Wigoda's assistance, defendants actively participated in proceedings before the Chicago Plan Council, the Committee on Building and Zoning of the city council and the Department of Development and Planning, presenting plans and recommendations and urging approval of the proposed rezoning. Moreover, after bribing Wigoda and in an effort to consummate their scheme, defendants sued the City's building commission to secure a building permit.

It is ordinarily true that the fraudulent concealment of a cause of action by a person other than the defendant will not toll the statute of limitations. (See *Wood v. Williams* (1892), 142 Ill. 269, 280-81; see also *Bryan v. United States* (10th Cir. 1938), 99 F.2d 549, 552, *cert. denied* (1939), 305 U.S. 661, 83 L. Ed. 429, 59 S. Ct. 364; *International Union United Automobile Workers of America v. Wood* (1953), 337 Mich. 8, 14, 59 N.W.2d 60, 63; *Joseph v. Lesnevich* (1959), 56 N.J. Super. 340, 356, 153 A.2d 349, 358.) However, if the third person is in privity with or occupies an agency relationship with the defendant, then the defendant's knowledge or approval of the concealment has generally been held sufficient to toll the limitation period. (See *Laventhol, Krekstein, Horwath & Horwath v. Tuckman* (Del. 1976), 372 A.2d 168, 170-71; *Pashley v. Pacific Electric Ry. Co.* (1944), 25 Cal. 2d 226, 235-36, 153 P.2d 325, 330; see also *Oddo v. Interstate Bakeries, Inc.* (8th Cir. 1959), 271 F.2d 417, 423-24, *modified on other grounds* (8th Cir. 1959), 271 F.2d 959; *Schram v. Burt* (6th Cir. 1940), 111 F.2d

557, 563; Bogert, Trusts sec. 955, at 506-10 (2d ed. 1962); 2 Wood, Limitations sec. 276, at 1374-75 (4th ed. 1916); Restatement (Second) of Trusts sec. 327, at 125-28 (1959); 51 Am. Jur. 2d *Limitation of Actions* sec. 150, at 722 (1970); Annot., 173 A.L.R. 583-84 (1948); 54 C.J.S. *Limitations of Actions* sec. 207, at 229 (1948).) Since it is here a fair inference from the allegations of the complaint that the defendants intentionally and deliberately induced Wigoda's breach of fiduciary duty by means of bribery, and that they actively participated in the fraudulent concealment of the City's alleged cause of action through their representations to the various municipal agencies and departments which approved the zoning change, the existence of an agency relationship, privity or even an actual conspiracy (see *City of Boston v. Santosuosso* (1940), 307 Mass. 302, 351-53, 30 N.E.2d 278, 306), between the defendants and Wigoda to defraud the public trust has been sufficiently alleged. Under these circumstances, the defendants are in a position no better than Wigoda to use the statute of limitations to protect their allegedly ill-gotten gains. We accordingly hold that the statute of limitations was tolled with respect to the City's cause of action.

Having established that the City's complaint was not barred by section 15 of the Limitations Act, we must now determine whether it was properly dismissed by the circuit court for failure to state a cause of action. It is well established that a public officer occupies a fiduciary relationship to the political entity on whose behalf he serves. (*City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, 565; *Brown v. Kirk* (1976), 64 Ill. 2d 144, 149; *People v. Bordeaux* (1909), 242 Ill. 327, 334; *County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 627; Flaum and Carr, *The Equitable Bill of Accounting—A Viable Remedy for Combatting Official Misconduct,* 62 Ill. B.J. 622 (1974); see also *United States v. Bush* (7th Cir. 1975), 522 F.2d 641, 646-48, *cert. denied* (1976),

424 U.S. 977, 47 L. Ed. 2d 748, 96 S. Ct. 1484; *United States v. Keane* (7th Cir. 1975), 522 F.2d 534, 545-46, *cert. denied* (1976), 424 U.S. 976, 47 L. Ed. 2d 746, 96 S. Ct. 1481; 63 Am. Jur. 2d *Public Officers & Employees* sec. 275 (1972).) Upon allegations that those fiduciary responsibilities have been breached, a cause of action on the part of represented beneficiaries to seek restitution has been recognized. (*City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, 565-66; *County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 627-28; *cf. Fuchs v. Bidwell* (1976), 65 Ill. 2d 503, 509.) That the defendants rather than Alderman Wigoda are the parties against whom the City now seeks recovery does not warrant dismissal of its amended complaint. It is a fundamental rule in the law of restitution that "[a] third person who has colluded with a fiduciary in committing a breach of duty, and who obtained a benefit therefrom, is under a duty of restitution to the beneficiary." (Restatement of Restitution sec. 138(2) (1937); see also *Seminole Nation v. United States* (1942), 316 U.S. 286, 296, 86 L. Ed. 1480, 1490, 62 S. Ct. 1049, 1054; Restatement (Second) of Trusts sec. 326 (1959); Ashbell, *The Third Party Trusteeship: An Equitable Remedy Against Bribers and Corrupters of Public Officials,* 67 Ill. B.J. 160 (1978).) Recognition of this salutary principle has resulted in the imposition of constructive trusts on benefits obtained by third persons through their knowledge of or involvement in a public official's breach of fiduciary duty. (See *United States v. Carter* (1910), 217 U.S. 286, 54 L. Ed. 769, 30 S. Ct. 515; *City of Boston v. Santosuosso* (1940), 307 Mass. 302, 30 N.E.2d 278; see also Lenhoff, *The Constructive Trust as a Remedy for Corruption in Public Office,* 54 Colum. L. Rev. 214 (1954).) Since the allegations here charge defendants with knowing and intimate participation in the scheme of bribery and fraud involving Alderman Wigoda, the City has adequately alleged a right to recover from the defendants.

That the City's cause of action is based partially on allegations that the rezoning ordinance resulted from fraudulent acts performed by the defendants does not, as defendants argue, constitute grounds for dismissal of the City's complaint. Though courts ordinarily refuse to inquire into the motives of a municipal body when it is acting in a legislative capacity (*Deerfield Park District v. Progress Development Corp.* (1961), 22 Ill. 2d 132, 140, *cert. denied* (1963), 372 U.S. 968, 10 L. Ed. 2d 1042, 83 S. Ct. 1692; *2700 Irving Park Bldg. Corp. v. City of Chicago* (1946), 395 Ill. 138, 147; *Murphy v. Chicago, Rock Island & Pacific Ry. Co.* (1910), 247 Ill. 614, 619; *Pence v. Village of Rantoul* (1973), 12 Ill. App. 3d 446, 450), an exception has been observed for those instances when fraud is alleged and supported by specific facts (*City of Chicago v. Waters* (1936), 363 Ill. 125, 131, *aff'd sub nom. Hauge v. City of Chicago* (1937), 299 U.S. 387, 81 L. Ed. 297, 57 S. Ct. 241; *Keig Stevens Baking Co. v. City of Savanna* (1942), 380 Ill. 303, 308; *Stearns v. City of Chicago* (1938), 368 Ill. 112, 116; *Athey v. City of Peru* (1974), 22 Ill. App. 3d 363, 370; *Anthony v. City of Kewanee* (1967), 79 Ill. App. 2d 243, 247). The City's specific allegations of fraud on the part of one of its officers and the defendants, in our view, qualify for this exception, particularly since no attempt is made here to nullify the rezoning ordinance or to enjoin its operation. The City is instead attempting to recover funds allegedly procured through a scheme of bribery and fraud as evidenced in part by the enactment of the rezoning ordinance.

Arguments by the defendants that there is no causal connection between the alleged acts of bribery and fraud and the enactment of the rezoning ordinance and that their nondisclosure is not the proximate cause of the City's alleged injury will be determined by the proof and are prematurely raised. We hold only that the City's complaint is not barred by the statute of limitations, and

that it states a cause of action.

With respect to the complaint filed by the Park District and the PBC, we are asked only to review the propriety of the appellate court's ruling that the present action does not constitute a collateral attack on the final judgment entered in the prior eminent domain proceeding. We find no error in the appellate court's disposition of that issue and its treatment of relevant authority. Because other issues, including whether the Park District and the PBC have adequately stated a cause of action, are not now properly before us, we decline to comment on their merits.

The judgment of the appellate court is affirmed as to the complaint of the Park District and PBC and reversed as to the complaint of the City. The cause is remanded to the circuit court of Cook County with directions to vacate its judgments and proceed in accordance with the views herein expressed.

*Affirmed in part and reversed in part; cause remanded, with directions.*