**COUNTY OF COOK, Plaintiff,**

v.

**Joan LYNCH, et al., Defendants.**

**No. 81 C 5985.**

United States District Court,
N.D. Illinois, E.D.

Nov. 1, 1982.

---

John A. Dienner, III, Matthias A. Lydon, Pierce, Lydon, Griffin & Montana, Chicago, Ill., for defendants.

Mark R. Davis, Asst. State's Atty., Richard M. Daley, State's Atty., Cook County, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Defendants, Joan Lynch ("Lynch") and Donald Erskine ("Erskine") were convicted, for their participation in a conspiracy to obtain fraudulent real estate tax assessment reductions through bribery of officials of the Cook County Board of (tax) Appeals, of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). In Count I of this civil action, plaintiff County of Cook ("the County"), as a "person injured in his business or property" by the conspiracy, seeks treble damages from defendants Lynch and Erskine pursuant to 18 U.S.C. § 1964(c). In Count II, the County seeks the imposition of a constructive trust on the benefits of the conspiracy which accrued to Lynch and an equitable accounting for such benefits, pursuant to Illinois law. The County has moved for partial summary judgment on Count I, on the issue of the defendants' liability under § 1962(d), contending that their convictions for violating that section collaterally estop them from denying that violation in a civil action under § 1964. The County seeks full summary judgment on Count II, based on the same estoppel.

## 138

### I. *The Collateral Estoppel Question*

■ A collateral estoppel is worked where "the issue sought to be concluded is the same as that involved in the prior action; was litigated in the prior action; was in fact judicially determined in the prior action; and [where] the judgment in the prior action was dependent upon the determination made of the issue." *Whitley v. Seibel,* 676 F.2d 245, 248 (7th Cir.1982), quoting 1B Moore's Federal Practice, ¶ 0.443[1] (1965). The defendants do not deny that the issue on which an estoppel is sought—their liability under § 1962(d) for acts of bribery and fraud—is the same as that involved in their criminal trial, nor that the issue was conclusively determined by the guilty verdicts in that trial.[1]

The defendants make essentially three arguments against the application of collateral estoppel in this case. First, they contend that a criminal conviction, unlike a civil judgment, is merely evidentiary in a subsequent civil action, and cannot estop the former criminal defendant whose procedural opportunities to make his case were not as great as in the civil context. Second, they argue that, even if, as a general matter, criminal convictions can work an estoppel for a stranger to the criminal prosecution, § 1962 convictions can only be relied upon by the United States, pursuant to 18 U.S.C. § 1964(d). Finally, defendants maintain that because the contradiction between the guilty verdicts and the denials of liability in their answer creates a "genuine issue of material fact," summary judgment is inappropriate under Fed.R.Civ.P. 56(c). We will address each contention in turn.

■ The federal law "is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding."

*Emich Motors Corp. v. General Motors,* 340 U.S. 558, 568, 71 S.Ct. 408, 413, 95 L.Ed. 534 (1951). Defendants' reliance on Illinois law questioning the collateral estoppel effect of a criminal conviction is misplaced, for, even if federal law does not govern the County's pendent Illinois claim, Illinois law would provide for the collateral estoppel rules of the court rendering the conviction—here the federal District Court for the Northern District of Illinois—to govern. *Nathan v. Tenna Corp.,* 560 F.2d 761, 763 (7th Cir. 1977). Applying the law of this court, as an Illinois court would, the effect of a criminal conviction on an identical issue in a subsequent civil proceeding is not merely evidentiary. Rather, "[i]n this Circuit, [even] a criminal conviction based upon a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted." *Id.* at 763.

■ Defendants contend that even if their criminal convictions may collaterally estop them in a subsequent civil action brought by the United States, the adverse party in the first action, no stranger to the original action may rely on it. Federal law no longer requires mutuality for the "offensive" use of collateral estoppel; application of such estoppel is entirely within the "broad discretion" of the trial court. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). The offensive use of criminal convictions by strangers to the original prosecution has been approved many times. *See In re Teltronics, Ltd.,* 649 F.2d 1236, 1239 (7th Cir. 1981); *Wolfson v. Baker,* 623 F.2d 1074, 1077–81 (5th Cir.1980), *cert. denied,* 450 U.S. 966, 101 S.Ct. 1483, 67 L.Ed.2d 615 (1981); and *United States v. Frank,* 494 F.2d 145, 160 (2d Cir.), *cert. denied,* 419 U.S.

1. Defendants do contend that their criminal convictions cannot work an estoppel because, with an appeal pending, they are not final judgment. However, not only is the law well settled that a judgment is final for purposes of collateral estoppel even if an appeal is pending, *Kurek v. Pleasure Driveway and Park Dist. of Peoria, Ill.,* 557 F.2d 580, 595 (7th Cir.1977), *motion denied,* 574 F.2d 892 (1978), *vacated,*

435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81 (1978), *on remand,* 583 F.2d 378 (1978), *cert. denied* 439 U.S. 1090, 99 S.Ct. 873, 59 L.Ed.2d 57 (1979), but defendants' appeal is no longer pending; Lynch's conviction was affirmed by the Seventh Circuit on September 3, 1982. *United States v. Lynch,* 692 F.2d 759 (7th Cir. 1982).

828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974). While the Court in *Parklane Hosiery* did indicate that there were "circumstances that might justify reluctance to allow the offensive use of collateral estoppel," *Parklane Hosiery,* 439 U.S. at 331, 99 S.Ct. at 651, none of them is present here. The County had no opportunity to enter the federal prosecution as a party, the defendants had every incentive to litigate the first action fully and vigorously, the judgment in the criminal case was not inconsistent with any previous decision, and the first action did not deprive the defendants of any procedural opportunities available in this action "of a kind that might be likely to cause a different result." *Id.* at 332, 99 S.Ct. at 652.

The defendants argue that Lynch was not entitled to full discovery (specifically, deposition and compulsion of documents prior to trial) in the criminal case. In fact, the defendants did have the opportunity under the Federal Rules of Criminal Procedure both to compel the production of documents, Fed.R.Cr.P. 16(a)(1)(C), and to take depositions, had they shown this to be in the interest of justice, Fed.R.Cr.P. 15(a). The criminal conviction, the offensive use of which the Seventh Circuit approved in *In re Teltronics,* was obtained in the same court and under the same procedural rules. *In re Teltronics,* 649 F.2d at 1238 n. 2.

Defendants assert that 18 U.S.C. § 1964(d) bars anyone but the United States from employing the specific kind of criminal conviction here, i.e., a RICO conviction, to collaterally estop the convicted party in a subsequent civil action. Section 1964(d) states:

"A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States."

Defendants would have the court read into this affirmation of the United States' right to an estoppel the negation of the right of any other party to rely on a RICO conviction. The legislative history of Section 1964(d) is sparse, but there is nothing in it to support the extreme inference defendants would have the court draw. Indeed, such legislative history as there is suggests that the Congress' single concern in enacting § 1964(d) was to assure that the United States had collateral estoppel rights. In that period, before *Parklane Hosiery* was decided, the Congress had no need to use the provision to negate the collateral estoppel rights of private parties. Lacking mutuality, those parties had no right to work a collateral estoppel anyway. Thus, the House Report's explanation of Section 1964(d) states that the section "provides *specifically* for collateral estoppel" by the United States. H.R.Rep. No. 1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad.News 4007, 4034 (emphasis added.)

The purpose of RICO was "to seek the eradication of organized crime in the United States ... by providing enhanced sanctions and new remedies," Pub.L. No. 91–452, 84 Stat. 923. Section 904(a) of RICO (uncodified) specifically directs that its provisions "shall be liberally construed to effectuate its remedial purposes," 84 Stat. 947. It would thus be most inconsistent with the intent of the Congress for this court to rely on a negative inference from the statutory language to deny a remedy against RICO violators which the federal common law, as it has developed since RICO's enactment, would otherwise provide. *Anderson v. Janovich,* 543 F.Supp. 1124, 1132–1133 (W.D.Wash.1982); *State Farm Fire and Casualty Co. v. Estate of Caton,* 540 F.Supp. 673, 682 (N.D.Ind.1982); and *City of Milwaukee v. Hansen,* No. 77 C 246 (E.D.Wis. June 11, 1980). *Cf. United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (negative inference from RICO language rejected; Act liberally construed to cover criminal as well as legitimate "enterprises"). Indeed, Section 904(b) of RICO (uncodified), 84 Stat. 947, provides that the remedies in the Act are not to supersede any additional civil remedies available by virtue of other provisions of law.

## II. Summary Judgment

### A. Count I.

 Defendants assert that, because their denials of liability create a "genuine issue of material fact," summary judgment cannot be granted under Fed.R.Civ.P. 56(c). It is well-established in this Circuit that collateral estoppel may compel a grant of summary judgment as to the factual issues resolved by the earlier judgment. Thus, in *Nathan, supra,* 560 F.2d at 763, the Seventh Circuit held specifically that, where as is not disputed here, a criminal conviction resolved factual questions underlying liability identical to facts supportive of civil liability, the convicted party "may not present evidence to the contrary in this civil proceeding. Hence, no material issue exists as to whether [the party] engaged in illegal conduct." Indeed, it is especially appropriate to grant summary judgment on the basis of collateral estoppel where, as here, the opponents of the motion fail to support their general denials with affidavits detailing their version of the facts concluded by the earlier judgment. *See Aluminum Co. of America v. Admiral Merchants Motor Freight, Inc.,* 486 F.2d 717, 723 (7th Cir. 1973).

For the reasons stated above, plaintiff's motion for partial summary judgment as to Count I is granted. It should be noted that summary judgment is granted for the plaintiff only as to the question of the defendants' liability under 18 U.S.C. § 1962(d). It remains the burden of the plaintiff to prove by a preponderance of the evidence the remaining elements of liability under 18 U.S.C. § 1964(c), i.e., that (1) the plaintiff was injured in its business or property (2) by reason of the defendants' violation of Section 1962.

### B. Count II.

 The County seeks full summary judgment on Count II, its claim under Illinois law for an equitable accounting by defendant Lynch for all profits to her from the conduct she is estopped by her criminal conviction to deny: that her firm paid bribes to Cook County Board of Appeals officials in return for fraudulent real estate tax assessment reductions for firm clients and that her firm took a fee for arranging for such reductions which was a percentage of the fraudulent tax savings to the clients. Count II also seeks the imposition of a constructive trust on the profits of the unlawful conduct in favor of the County. The County contends that it is entitled to summary judgment against defendant Lynch on its claims for this equitable relief because the conduct Lynch is estopped by her conviction to deny is sufficient as a matter of law to justify the relief sought.

The Supreme Court of Illinois has held that,

"[i]t is a fundamental rule in the law of restitution that '[a] third person who has colluded with a fiduciary in committing a breach of duty, and who obtained a benefit therefrom, is under a duty of restitution to the beneficiary.' (Restatement of Restitution sec. 138(2) (1937). [Further citations omitted.]) Recognition of this salutary principle has resulted in the imposition of constructive trusts on benefits obtained by third persons through their knowledge of or involvement in a public official's breach of fiduciary duty." [Citations omitted.]

*Chicago Park Dist. v. Kenroy, Inc.,* 78 Ill.2d 555, 565, 37 Ill.Dec. 291, 402 N.E.2d 181 (1980). It is equally well established that "a public officer occupies a fiduciary relationship to the political entity on whose behalf he serves." *Id.* at 564, 37 Ill.Dec. 291, 402 N.E.2d 181; *City of Chicago ex rel. Cohen v. Keane,* 64 Ill.2d 559, 565, 2 Ill.Dec. 285, 357 N.E.2d 452 (1976). Constructive trusts and equitable accounting are approved remedies in Illinois against public officials who have profited by a breach of their fiduciary duty. *See Cohen v. Keane, supra* (alderman); *County of Cook v. Barrett,* 36 Ill.App.3d 623, 344 N.E.2d 540 (1st Dist.1975) (county clerk); *Fuchs v. Bidwill,* 31 Ill.App.3d 567, 334 N.E.2d 117 (4th Dist. 1975), *rev'd on other grounds,* 65 Ill.2d 503, 3 Ill.Dec. 748, 359 N.E.2d 158 (1976) (state legislators). Illinois courts have also expressly approved the use of these remedies against the third parties who are willing

participants in schemes to cause public officials to breach their fiduciary duty. *See Chicago Park Dist. v. Kenroy, supra* (imposition of constructive trust in favor of city on profits to property owners who secured rezoning by bribing alderman); and *Village of Wheeling v. Stavros,* 89 Ill.App.3d 450, 44 Ill.Dec. 701, 411 N.E.2d 1067 (1st Dist.1980) (accounting, imposition of constructive trust, and other equitable relief for village against private party for fees received from developers for arranging building permits and zoning changes for them through exercise of his influence over village officials).

■ The behavior in which defendant Lynch engaged and is estopped by her conviction to deny—colluding with defendant Erskine and other officials of a public body, the Board of (tax) Appeals, in the commission by those officials of a breach of their fiduciary duty to plaintiff County of Cook to process tax assessment appeals according to law—fits well within the patterns of conduct which have been held to justify an equitable accounting and imposition of a constructive trust under Illinois law. Full summary judgment is justified on Count II, unlike Count I, because all of the elements necessary to support the equitable relief sought are satisfied as a matter of law by the facts defendant Lynch is estopped by her conviction to deny. The missing element for 18 U.S.C. § 1964(c), proof of damage to the plaintiff caused by the unlawful conduct, is unnecessary to secure the equitable relief sought in Count II. Because, in an equitable action to recover profits from activities involving breach of a fiduciary duty, "it is gain to the agent from the abuse of the relationship that triggers the right to recover, rather than loss to the principal," *Cohen v. Keane,* 64 Ill.2d at 565–66, 2 Ill. Dec. 285, 357 N.E.2d 452,

> "[t]he absence of an allegation [or proof] of damage is immaterial. A constructive trust is not an action for 'recovery' or compensation under any theory of contract or tort. It is a strict equitable doctrine applied to cure a fiduciary's breach of his duty of loyalty by erasing the source of his conflict of interest, and transferring it to the innocent beneficiary.... Courts are not interested in a fiduciary's particular motive for accepting a payment or gift, but rather with the general effect of such payments or gifts. Nor are courts concerned with the question of actual damage to the beneficiary."

*County of Cook v. Barrett,* 36 Ill.App.3d at 631–32, 344 N.E.2d 540. By establishing through collateral estoppel that defendant Lynch knowingly profited from a scheme involving breach by officials of the County of their fiduciary duty to the County, the County has made the requisite showing to force an equitable accounting by Lynch for such profits and the imposition of a constructive trust in its favor thereon.

For the reasons stated above, plaintiff's motion for summary judgment on Count II is granted, and the equitable accounting and constructive trust sought by the plaintiff in Count II are hereby ordered.