Dieter REICHELT, Plaintiff,

v.

URBAN INVESTMENT AND DEVELOPMENT COMPANY, a Delaware corporation, United Development Company, an Illinois corporation; Chicago Title and Trust Company, as Trustee under Trust dated April 2, 1967 and known as Trust No. 51875; and Bert Thomas d/b/a Home Inspection Consultants, Defendants.

No. 83 C 5290.

United States District Court,
N.D. Illinois, E.D.

Jan. 19, 1984.

James A. Romanyak, Schlegel & Trafelet, Ltd., Chicago, Ill., for plaintiff.

Thomas J. Adams, Chicago Title & Trust Co., Kathy P. Saxton and James A. Christman Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Three of the four defendants in this case—Urban Investment and Development Company, United Development Company, and Chicago Title and Trust Company—have moved this Court for an order dismissing Counts I and II of the plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motion to dismiss Count I is denied and defendants' motion to dismiss Count II is granted.

## I. FACTS

In considering a motion to dismiss under Rule 12(b)(6), a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The following facts are alleged in the First Amended Complaint. For purposes of this motion, the Court assumes they are true. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976).

In 1969, defendants were engaged in the business of constructing and selling residential homes in DuPage County, Illinois. In February of 1969, defendants finished construction of a residence located in Oak Brook, Illinois (hereinafter "the house"), and on February 5, 1969, sold the house to James and Ruth Heinis. On March 14, 1980, plaintiff Dieter Reichelt purchased the house from the Heinises. On December 15, 1982, Reichelt discovered large cracks in the floor and walls of the basement, along with movement of the west

wall and excessive settlement of the interior floors and exterior patio.

Reichelt charges that these structural defects, not discovered by Reichelt until 1982, were caused by defendants' failure to properly construct the house. Specifically, Dieter charges that defendants, in violation of the National Housing Code, constructed the house on soil which could not reasonably be expected to support adequately the weight of the house. Furthermore, in an attempt to avoid the 12-year statute of repose imposed by Ill.Rev.Stat., ch. 110, § 13–214(b), Reichelt alleges that defendants intentionally and fraudulently concealed the defects in the house. In support of the fraudulent concealment charge, Reichelt alleges that defendants, while constructing the house, knew the house had been built on highly compressible fill material and that defendants covered the inadequate soil base with three to six inches of clay with the intent of concealing that defect. Furthermore, Reichelt charges that defendants fraudulently concealed the defects in the house by filling the cracks that had developed in the basement walls with hydraulic cement and by covering the walls with fiberglass mat and paint.[1]

Reichelt predicates defendants' liability upon two theories. Count I charges that defendants' conduct constitutes a breach of the implied warranty of habitability as articulated by the Illinois Supreme Court in *Redarowicz v. Ohlendorf*, 92 Ill.2d 171, 65 Ill.Dec. 411, 441 N.E.2d 324 (1982). Count II charges that defendants' conduct constitutes an unfair and deceptive trade practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Rev.Stat. ch. 121½, § 261 *et seq.*

In support of their motion to dismiss, defendants argue that both claims, filed more than 14 years after construction of the house, are barred by the 12-year statute of repose provided by Ill.Rev.Stat., ch. 110, § 13–214(b). In the alternative, defendants argue that Reichelt has failed to state a cause of action under either the implied warranty of habitability theory or the Illinois Consumer Fraud and Deceptive Business Practices Act. In reply, Reichelt argues that the 12-year statute of repose should be tolled due to defendants' fraudulent concealment of the cause of action and that the First Amended Complaint states causes of action under both the implied warranty of habitability theory and the Illinois Consumer Fraud and Deceptive Business Practices Act.

## II. DISCUSSION

### A. *Statute of Repose*

Section 13–214(b) of the Illinois Code of Civil Procedure provides:

> No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a).

Without more, Reichelt's complaint would fail since it was filed more than 12 years after the house was built.

Reichelt, however, argues that the 12-year statute of repose is inapplicable for two reasons. First, that under the Illinois "discovery rule," Reichelt's cause of action did not accrue until December 15, 1982, the date he discovered the structural defects in the house. Second, that this Court should

---

1. Reichelt further alleges that defendants concealed defects in the house in 1983 when, in response to Reichelt's inquiry, defendants denied all responsibility for the defects in the house. Whatever defendants stated in 1983, however, is not relevant to the fraudulent concealment claim because Reichelt "discover-ed" his cause of action on December 15, 1982. First Amended Complaint, Count I, ¶ 11. Since Reichelt was aware of his cause of action in 1982, defendants obviously could not have "fraudulently concealed" that cause of action from him in 1983.

toll the 12-year statute of repose pursuant to Ill.Rev.Stat., ch. 110, § 13–215. That section provides:

> If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.[2]

■ Generally, a cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was wrongfully caused. *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864 (1981). In a case in which the plaintiff seeks damages for the faulty construction of a house, however, Section 13–214 requires that a plaintiff "discover" his or her cause of action within 12 years from the date the house was built. If a plaintiff discovers the cause of action within the 12-year period, Section 13–214 allows an additional two years from the date of discovery in which to file suit. Ill.Rev.Stat., ch. 110, § 13–214(b). In this case, Reichelt failed to discover his cause of action until nearly 14 years after his house was constructed. Therefore, the Illinois "discovery rule" cannot be utilized to avoid application of the 12-year statute of repose.

■ Reichelt further alleges that defendants intentionally and fraudulently concealed their wrongful conduct in 1969 and thereby fraudulently concealed Reichelt's cause of action. Unlike the "discovery rule," fraudulent concealment of a cause of action will toll the 12-year limitations period. Ill.Rev.Stat., ch. 110, § 13–214(e).

■ Generally, the concealment of a cause of action sufficient to toll the statute of limitations requires affirmative acts or representations which are designed to, and in fact do, prevent discovery of the cause of action. *Chicago Park District v. Kenroy, Inc.*, 78 Ill.2d 555, 37 Ill.Dec. 291, 294, 402 N.E.2d 181, 184 (1980); *Zagar v. Health and Hospitals Governing Commission of Cook County*, 83 Ill.App.3d 894, 39 Ill.Dec. 112, 116, 404 N.E.2d 496, 500 (1st Dist.1980). Mere silence by the defendant, accompanied by the failure of the plaintiff to discover the cause of action, is not sufficient to toll the limitations period. *Chicago Park District*, 37 Ill.Dec. at 295, 402 N.E.2d at 185; *Zagar*, 39 Ill.Dec. at 116, 404 N.E.2d at 500.

■ Reichelt alleges two "affirmative acts" by defendants which, if proven at trial, may have prevented discovery of the structural defects in the house. First, Reichelt alleges that defendants, in an attempt to conceal the inadequate foundation for the house, covered the highly compressible soil base with three to six inches of clay. Second, Reichelt alleges that defendants further concealed the structural defects in the house by filling the cracks in the basement walls with cement and covering the walls with fiberglass mat and paint. Whether these affirmative acts were "designed to, and in fact [did], prevent discovery of the cause of action," is, at this juncture, an issue not capable of resolution on a motion to dismiss.

Defendants argue that they could not possibly have fraudulently concealed a cause of action from Reichelt in 1969 because they did not have any contact with Reichelt until 1983. Defendants, however, have confused fraudulent misrepresentation (requiring that a plaintiff reasonably rely upon misrepresentations of the defendant) with fraudulent concealment of a cause of action (requiring acts which are calculated to prevent the discovery of a cause of action). *Cf. Redarowicz v. Ohlendorf*, 92 Ill.2d 171, 65 Ill.Dec. 411, 418, 441 N.E.2d 324, 331 (1982). Defendants have submitted no authority for their novel argument that a plaintiff must personally rely upon misrepresentations of a defend-

---

**2.** Section 13–215 is expressly made applicable to the 12-year statute of repose by Ill.Rev.Stat., ch. 110, § 13–214(c).

ant in order to allege fraudulent concealment of a cause of action.

Defendants further argue that Reichelt's claims are barred because he should have discovered his cause of action on March 14, 1980, when he purchased the house. If the fraudulent concealment period ended March 14, 1980, Reichelt's complaint is untimely since it was filed more than two years after March 14, 1980. Reichelt, however, alleges that the structural defects in the house did not become apparent until December 15, 1982. There is no indication from the First Amended Complaint that Reichelt failed to exercise reasonable diligence in discovering the defects in the house. The facts alleged in the complaint, and not in defendants' motion, are assumed true. *See City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976). At this stage, therefore, defendants' argument that the First Amended Complaint is barred by the 12-year statute of repose is without merit.

B. *Implied Warranty of Habitability*

■ In *Redarowicz v. Ohlendorf*, 92 Ill.2d 171, 65 Ill.Dec. 411, 441 N.E.2d 324 (1982), the Illinois Supreme Court extended the implied warranty of habitability from builder-vendors to subsequent purchasers of homes. The court reasoned:

Like the initial purchaser, the subsequent purchaser is usually not knowledgeable in construction practices and must, to a substantial degree, rely upon the expertise of the person who built the home. If construction of a new house is defective, its repair costs should be borne by the responsible builder-vendor who created the latent defect.

*Id.* at 417. The *Redarowicz* court limited its holding in two respects. First, the defects complained of must be "latent." Second, the defects must manifest themselves within a reasonable time after the purchase of the house. *Redarowicz*, 65 Ill.Dec. 418, 441 N.E.2d at 331. Defend-

ants argue that Reichelt's discovery of the structural defects in his house on December 15, 1982—nearly 14 years after construction of the house—is not a "reasonable time" under the *Redarowicz* holding.

This Court, however, need not decide the question of whether a subsequent purchaser of a home may sue the builder-vendor for a latent defect manifesting itself 14 years after the original sale of the house.[3] In his complaint, Reichelt alleges that the structural defects in the house were not only "latent" but were "intentionally and fraudulently concealed" by defendants. Faced with such allegations, defendants cannot successfully argue that since the defects in the house did not manifest themselves within a "reasonable time," Reichelt's claim under the implied warranty of habitability must fail. According to Reichelt, the *reason* that the structural defects did not manifest themselves within a "reasonable time" was that defendants intentionally concealed those defects when the house was built. The Court holds therefore that the *Redarowicz* "reasonable time" limitation was tolled during the period of defendants' alleged fraudulent concealment. Accordingly, Count I of the complaint, based upon the implied warranty of habitability, states a cognizable claim.

C. *Illinois Consumer Fraud Act*

■ The Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev. Stat., ch. 121½, § 261 *et seq.* ("the Act"), makes it unlawful to engage in "unfair or deceptive acts or practices." *Id.* § 262. The use or employment of any "misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact" constitutes a deceptive practice under the Act. *Id.* The Act further provides that any person who suffers damages as a result of a violation of the Act may

---

**3.** The "reasonable time" element of the *Redarowicz* holding is presently the subject of debate. *See* T. Demko, *Caveat Aedificator—Home Builders Beware*, 71 Ill.Bar J. 724, 728–29 (Aug. 1983). One court has suggested that the 10-year limita-

tions period under the state's statute of repose should provide at least the outer boundary of the "reasonable time" element. *See Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041, 1045–46 (Colo.1983).

bring a private action for actual damages. *Id.* § 270a.

Reichelt argues that defendants' wrongful conduct—building a house on highly compressible fill materials and then fraudulently concealing all evidence that the house was seriously defective—constitutes a deceptive practice under the Act. Defendants argue that at the time the house was constructed (1969), the Act did not cover real estate transactions and that this Court should not apply the present Act retroactively.

On October 1, 1973, the Act was amended to permit purchasers of real estate to sue for violations of the Act. Prior to that date, there was no such provision. *Beard v. Gress,* 90 Ill.App.3d 622, 46 Ill.Dec. 8, 11–12, 413 N.E.2d 448, 451–52 (4th Dist. 1980). The Act cannot be given retroactive effect to protect persons not previously included within its scope. *Snyder v. Howard Johnson's Motor Lodges, Inc.,* 412 F.Supp. 724, 731 (N.D.Ill.1976); *People ex rel. Scott v. Cardet International, Inc.,* 24 Ill.App.3d 740, 321 N.E.2d 386, 392–93 (1st Dist.1974). *See also Beard v. Gress,* 90 Ill.App.3d 622, 46 Ill.Dec. 8, 11–12, 413 N.E.2d 448, 451–52 (4th Dist.1980). Since Reichelt is a purchaser of real estate and the deceptive practices alleged in Count II occurred prior to October 1, 1973, Count II fails to state a cause of action under the prior Act. As the present Act cannot be given retroactive effect, Count II fails to state a cause of action and is hereby dismissed.[4]

### Conclusion

Defendants' motion to dismiss Count I of the First Amended Complaint is denied. Defendants' motion to dismiss Count II of the First Amended Complaint is granted. Count II of the First Amended Complaint is hereby dismissed.

IT IS SO ORDERED.

---

4. Having held that the Act cannot be given retroactive effect, the Court need not consider defendants' remaining arguments in support of dismissing Count II.