**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250334-U

Order filed June 4, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| LEONARDO MCCRAY, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-25-0334 |
| | ) | Circuit No. 24-LA-108 |
| KIRSTEN E. STEEVES, TERESA LANIE, | ) | |
| INDIAN OAKS ACADEMY, JOHN J. BOYD | ) | Honorable |
| and SEUNG J. AHN, | ) | Scott N. Sliwinski, |
| | ) | Judge, Presiding. |
| Defendants-Appellees. | ) | |
| | ) | |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Peterson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: We affirm the trial court's order dismissing plaintiff's complaint alleging legal malpractice/ineffective assistance of counsel pursuant to 42 U.S.C § 1983 because the statute of limitations has lapsed.

¶ 2     Plaintiff Leonardo McCray filed suit against defendants Kirsten E. Steeves, Teresa Lanie, Indian Oaks Academy, John J. Boyd, and Seung J. Ahn, alleging a "legal malpractice" claim pursuant to 42 U.S.C. § 1983. The trial court dismissed the complaint as barred by the statute of

limitations. In addition, the trial court found that McCray failed to state a section 1983 claim against Indian Oaks Academy. McCray appeals the dismissal of his complaint as being barred by the statute of limitations. We affirm.

¶ 3                                                   I. BACKGROUND

¶ 4        On November 12, 2024, McCray, proceeding *pro se*, filed his complaint against defendants. Plaintiff titled his complaint as "1983 Complaint/Legal Malpractice." Plaintiff raises a 42 U.S.C. § 1983 legal malpractice/ineffective assistance of counsel claim against Kirsten E. Steeves, his previous public defender; Detective Teresa Lanie; former Kankakee County State's Attorney John J. Boyd; Assistant State's Attorney Seung J. Ahn; and Indian Oaks Academy.

¶ 5        Plaintiff alleges the following facts. On April 18, 2009, McCray was charged with aggravated battery of an employee at Indian Oaks Academy, a juvenile residential treatment center. McCray was fourteen years old at the time. Steeves was appointed as McCray's public defender. Steeves informed McCray that he was facing a long prison sentence, but she could arrange for him to be sentenced to probation if he pled guilty. However, in order for this to take place, Steeves told McCray he would have to do something for her, but she did not specify what that was. On May 4, 2009, McCray pled guilty and he was sentenced to probation.

¶ 6        McCray alleges that following his plea, Steeves instructed McCray to sneak out of the facility at 6:30 p.m. and go to a specific parking lot. That evening, McCray met Steeves at the parking lot. McCray claims Steeves forced McCray into a van and sexually assaulted him. Steeves threatened McCray that if he told anyone about the assault she would claim he raped her. Steeves continued sexually assaulting McCray periodically until August 16, 2009.

¶ 7        In August 2009, a resident sought to engage McCray in a sexual encounter in a bathroom. McCray declined and McCray reported the incident. Later, on August 17, 2009, McCray was

2

charged with sexual assault. Steeves was again appointed to represent McCray, and she threatened McCray not to say anything about their history. She also told McCray that he was to seek a bench trial and she gave him a typed paragraph of what he was to say on the witness stand. During the trial, Steeves failed to make objections and failed to properly question witnesses. McCray testified at trial. The trial court found McCray guilty of criminal sexual assault. Following trial, the trial court informed McCray that if he wanted to appeal he should speak with his attorney. When McCray spoke to Steeves about an appeal she told him that he could not appeal his conviction because bench trials are not appealable. McCray did not file an appeal. He is presently detained as a sexually violent person. Again, these are the facts as alleged.

¶ 8        In his complaint, McCray contends that Steeves provided ineffective assistance of counsel in an attempt to cover up her actions resulting in his present detention. He claims Indian Oaks Academy failed to properly follow their procedures relating to alleged sexual assaults. He further claims Assistant States Attorney Ahn made "improper" arguments at trial. In addition, he claims that Deputy Lanie arrested him prematurely and without merit.

¶ 9        Defendants filed a motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2024)). Defendants argued that McCray failed to state a claim for ineffective assistance of counsel, that his claims are barred under the statute of limitations, and that his claims are barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994). Following a hearing on June 24, 2025, the trial court dismissed McCray's claim against all defendants as time-barred and found that the section 1983 claim against Indian Oaks Academy failed to state a claim.

¶ 10                                II. ANALYSIS

¶ 11        McCray raises one broad issue on appeal: whether his section 1983 claim is barred by the statute of limitations. Within that argument, McCray argues that equitable tolling and/or the

3

defendants' fraudulent concealment rendered his complaint timely, and that his claim is timely pursuant to the Illinois Childhood Sexual Abuse Act (735 ILCS 5/13-202.2 (West 2024)).

¶ 12    First, we note that McCray titles his complaint "1983 Complaint/Legal Malpractice" and then states, "he brings forth this 1983 complaint/legal malpractice claim." No other claims are specified. Thus, as the trial court construed the complaint as alleging a claim under 42 U.S.C. 1983 without objection, we address the complaint as only raising a claim under 42 U.S.C. § 1983. See *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 59 (2007) (plaintiff is the master of their complaint).

¶ 13    A motion to dismiss pursuant to section 2-619.1 (735 ILCS 5/2-619.1) of the Code allows parties to blend motions brought pursuant to section 2-615 (735 ILCS 5/2-615 (West 2024)) and 2-619 (735 ILCS 5/2-619 (West 2024)) into one pleading but requires the combined motion to be divided into parts, with each part limited to the points or grounds of either section 2-615 or section 2-619. Here, McCray's complaint was dismissed as time-barred pursuant to section 2-619. A motion brought pursuant to section 2-619 of the Code " 'admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim.' " *Becker v. Zellner*, 292 Ill. App. 3d 116, 122 (1997) (quoting *Brock v. Anderson Road Ass'n*, 287 Ill. App. 3d 16, 21 (1997)). It assumes that a cause of action has been stated. *Cwikla v. Shei*r, 345 Ill. App. 3d 23, 29 (2003). A section 2-619 motion "raises defects, defenses or other affirmative matter which appears on the face of the complaint or is established by external submissions which act to defeat the plaintiff's claim." *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). "[A] section 2-619 proceeding enables the court to dismiss the complaint after considering issues of law or easily proved issues of fact." *Id*. at 585. In ruling on a section 2-619 motion, the circuit court may consider the pleadings, depositions, and affidavits. *Doe v. Montessori School of Lake Forest*, 287

Ill. App. 3d 289, 296 (1997). We review the dismissal under section 2-619 *de novo*. *Kopp v. Silver Cross Hospital & Medical Center*, 2025 IL App (3d) 240414, ¶ 16.

¶ 14    McCray first contends that the statute of limitations should be equitably tolled because he was under a legal disability when his claim accrued. The alleged legal disability includes his age and the lack of a law library while detained in a youth detention facility.

¶ 15    Because section 1983 does not provide a specific statute of limitations the court applies the state law personal injury statute of limitations and its related tolling provisions to McCray's section 1983 claim. *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011); *Campbell v. Forest Preserve District of Cook County, Ill.*, 752 F.3d 665, 667 (7th Cir. 2014). Under Illinois law, the statute of limitations for personal injury actions is two years. 735 ILCS 5/13-202 (West 2024). Thus, in Illinois, the statute of limitations for a section 1983 claim is two years. *Pearl v. Lee*, 403 Ill. App. 3d 197, 209 (2010) (citing *Northern v. Chicago*, 126 F.3d 1024, 1026 (7th Cir. 1997)). However, that limitation period is stayed if the cause of action accrued when the injured party is under the age of 18 years or is under a legal disability. 735 ILCS 5/13-211(a) (West 2024). Under these circumstances, the injured party may bring the action within 2 years after turning 18 years old or when the disability is removed. *Id.*

¶ 16    While state law determines what circumstances toll the limitations period, federal law controls when a section 1983 accrues. *McGee v. Snyder*, 326 Ill. App. 3d 343, 352 (2001). A section 1983 claim accrues when the plaintiff knows or has reason to know that his or her constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (1992). The accrual date is when the wrongful act or omission results in damages even if the full extent of the injury is not known at that time or predictable. *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

¶ 17    McCray does not identify an alleged accrual date in his complaint nor include one in his briefs. The alleged wrongful conduct, identified by McCray as ineffective assistance of counsel/ legal malpractice occurred in 2009 during and immediately following McCray's trial. McCray suffered any damages from the alleged ineffective assistance of counsel at that time. However, McCray was 14 years old then. McCray turned 18 on July 25, 2012. Thus, at a minimum, any section 1983 claim was tolled due to his age until July 25, 2012, and the limitations period expired July 25, 2014.

¶ 18    McCray contends that the statute of limitations should be equitably tolled beyond July 2014. Defendants argue McCray waived this argument because it was not raised in the trial court. However, McCray argued in the trial court he was under a legal disability—a basis for equitable tolling. Accordingly, we do not find this argument waived.

¶ 19    Equitable tolling may suspend the running of a statute of limitations in certain limited circumstances. *Arizona v. TransUnion, LLC*, 2025 IL App (1st) 231911, ¶ 36. Although recognized, equitable tolling is "rarely applied." *American Family Mutual Ins. Co., v. Plunkett*, 2014 IL App (1st) 131631, ¶ 32. Equitable tolling of a statute of limitations may be appropriate "if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 189 Ill. 2d 603, 614 (2000). "Extraordinary barriers that may warrant equitable tolling include legal disability, an irremediable lack of information, or circumstances where the plaintiff could not learn the identity of the proper defendants through the exercise of due diligence." *City of Rockford v. Gilles*, 2022 IL App (2d) 210521, ¶ 65.

¶ 20    "When a potential plaintiff has a legal disability, the statute of limitations is tolled until the plaintiff is no longer disabled." *Parks v. Kownacki*, 193 Ill. 2d 164, 178 (2000), citing 735 ILCS 5/13–211 (West 1998). "In a case where a legal disability is alleged, the record must contain

6

sufficient allegations of fact from which one could conclude that the person seeking to be found legally disabled was incompetent or suffered from a serious mental disorder which made the person entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." *In re Doe*, 301 Ill. App. 3d 123, 127 (1998). McCray does not allege he was incompetent or suffered from a serious mental disorder.

¶ 21     Instead, McCray argues that his age tolled the statute of limitations. As addressed above, while his age did toll the statute of limitations, it was tolled until he reached 18 years old in July 2012, and then lapsed two years after that, July 2014. Thus, this tolling theory is insufficient to render his complaint filed in 2024 timely.

¶ 22     McCray also argues that a lack of  access to law library while in juvenile detention constituted a legal disability. McCray cites no support for the proposition that the lack of a law library tolls the accrual of a claim or constitutes a "legal disability." Furthermore, McCray states he had access to a law library and knew of a section 1983 claim in 2015, nine years prior to 2024. In addition, in October 2018, McCray filed a postconviction petition in state court as to his juvenile case alleging, in part, ineffective assistance of counsel. *In re L.M.*, No. 09-JD-139 (Cir. Ct. Kankakee County). Accordingly, McCray has not demonstrated equitable tolling applies.

¶ 23     We further note that even if equitable tolling applied, his claim would have accrued at the latest in October 2018 when he knew of the alleged ineffective assistance of counsel claim and section 1983 claims, more than 6 years before he filed the present lawsuit. Thus, the statute of limitations expired long before he filed his lawsuit in November 2024.

¶ 24     McCray next argues that the statute of limitations should be tolled because the defendants fraudulently concealed the cause of action. Defendants again argue that McCray waived this

7

argument because he did not raise it in the trial court. Assuming that McCray's allegations that Steeves provided ineffective assistance of counsel, including the advice that he had no right to an appeal to cover up the alleged sexual abuse, served to sufficiently raise fraudulent concealment of the claim in the trial court, that argument is without merit.

¶ 25    Fraudulent concealment provides an exception to the limitations period for causes of action. *Doe No. 2 v. Boy Scouts of America*, 2016 IL App (1st) 152406, ¶ 80. Pursuant to section 13-215 of the Code:

¶ 26    "If a person liable to an action fraudulently conceals the cause of action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13-215

¶ 27    "The concealment contemplated in section 13–215 must consist of affirmative acts or representations which are calculated to lull or induce a claimant into delaying filing of his claim or to prevent a claimant from discovering his claim." *Smith v. Cook County Hospital*, 164 Ill. App. 3d 857, 862 (1987). "A plaintiff must plead and prove that the defendant made misrepresentations or performed acts which were known to be false, with the intent to deceive the plaintiff, and upon which the plaintiff detrimentally relied*." Orlak v. Loyola University Health System*, 228 Ill. 2d 1, 18 (2007).

¶ 28    Generally, mere silence on the part of a defendant and a failure by the plaintiff to learn of the cause of action are not enough to establish fraudulent concealment. *Chicago Park District v. Kenroy, Inc.*, 78 Ill. 2d 555, 561 (1980). However, there is an exception to this general rule when there is a fiduciary or trust or other confidential relationship between the plaintiff and the defendant. *Id*. at 562. When such a relationship exists, the person occupying the position of

fiduciary or of confidence is under a duty to reveal the facts to the plaintiff, and his or her silence is as fraudulent as an actual affirmative false representation or act. *Id*. Silence by a person in a position of trust concerning the facts giving rise to a cause of action amounts to fraudulent concealment. *Id*.

¶ 29     Importantly, the alleged facts giving rise to McCray's cause of action include Steeves telling McCray that he should seek a bench trial, providing McCray with a script for the witness stand, failing to make objections during trial, failing to properly question witnesses, and informing him that he could not appeal a bench trial. Thus, for fraudulent concealment to apply, defendants must have fraudulently concealed these facts from McCray. However, McCray was present during all of these allegations, so he was aware of them. While Steeves was in a position of trust and was allegedly silent as to the facts giving rise to the cause of action, McCray was already aware of them. There are no allegations or other support that Steeves concealed the facts giving rise to the ineffective assistance of counsel claim.

¶ 30     Further, even if Steeves' silence could be construed as fraudulently concealing the facts giving rise to McCray's claim, any concealment ceased prior to October 2018 as evidenced by McCray filing his postconviction petition raising this same claim. So even assuming the statute of limitations was tolled for fraudulent concealment, McCray still filed this lawsuit over six years from October 2018, when he first alleged that Steeves' representation of him was ineffective. Accordingly, any fraudulent concealment would not toll the statute of limitations until November 2024.

¶ 31     Lastly, McCray argues that his case is timely pursuant to the 20-year statute of limitation contained in the Illinois Childhood Sexual Abuse Act (735 ILCS 5/13-202.2 (West 2024)). However, McCray did not bring a claim under that statute; he alleged a section 1983 claim. Federal

law which controls the statute of limitations for McCray's section 1983 action holds that the statute of limitations applicable to a section 1983 action pertaining to sexual abuse of a minor is the two-year statute of limitations for general personal injury actions (735 ILCS 5/13-202), not the twenty-year limitation contained in the Illinois Childhood Sexual Abuse Act (735 ILCS 5/13/-202.2). *Woods v. Illinois Department of Children & Family Services*, 710 F.3d 762, 768 (7th Cir. 2013).

¶ 32       Based on the above, McCray did not file his section 1983 claim within the applicable statute of limitations.

¶ 33                               III. CONCLUSION

¶ 34       For the foregoing reasons, we affirm the judgment of the circuit court. The court did not err in granting defendants' section 2-619(a)(5) motion to dismiss plaintiff's complaint with prejudice since McCray failed to bring his claim within the applicable statute of limitations.

¶ 35       Affirmed.